[L. A. No. 11958. In Bank.—January 10, 1930.]

JOSE D. CARTER et al., Appellants, v. JAY W. STE-
VENS, as Fire Marshal, etc., et al., Respondents;
L. M. LEWIS et al., Interveners and Appellants.

William Schrieder and Lyon, Fleming & Robbins for Appellants.

U. S. Webb, James S. Howie and John L. Flynn for Respondents.

PRESTON, J.—Motion to dismiss appeal. Plaintiffs, on behalf of themselves and all other parties similarly situated, brought this action against the fire marshal and his assistants to enjoin them from taking action of any kind or character under the provisions of an act of the legislature, approved June 3, 1927 (Stats. 1927, chap. 880), the basis of their attack being that said statute, as a whole and as to each provision thereof, and all regulations promulgated by defendant fire marshal thereunder, were illegal and the act void because in contravention of various constitutional provisions, and the regulations unreasonable and oppressive. Numerous other parties were thereafter allowed to intervene in said action as plaintiffs. Issues were joined and the cause brought to trial; findings of fact and conclusions of law were made, and on July 13, 1929, judgment was entered.

The effect of the said judgment was to sustain the validity of said act *in toto* but to declare invalid, as being unreasonable and oppressive, certain of the many rules and regulations promulgated by the state fire marshal thereunder. All plaintiffs and interveners appealed. On the twenty-second day of November, 1929, defendants and respondents, appearing by the attorney-general, moved the dismissal of said appeals upon the ground that all questions involved therein had become moot. The basis for this contention is that on August 14, 1929, an amendatory act of the legislature became effective (Stats. 1929, chap. 155), which, it is urged, superseded all the provisions of said act of 1927; hence the issues involved in this action have been thereby obliterated.

We are not in accord with this contention of defendants. The act of 1927 consisted of a title and four sections. The title read as follows: "An act to reduce the fire insurance hazards of the business of clothes cleaning establishments, providing for the enforcement thereof by the state fire marshal, providing ways and means for enforcement and providing penalties for violations." The several sections were intended to put in operation a system of regulation for clothes cleaning establishments for the purpose of reducing fire hazards attendant thereon. Manifestly an error, by insertion of the word "insurance," crept into the title of the act of 1927. The act of 1929 corrects and recasts the title of that act; it also revises and amends each and every sec-

tion of it and in addition thereto adds two new sections, having doubtless for its object the correction of mistakes made in the first enactment and a change in the system of administration of said act by the creation in the department of industrial relations of a new division, known as "a division of industrial fire safety," with the state fire marshal as chief thereof. It should be noted, however, that the duties of the fire marshal as an individual are not entirely abrogated by the new act.

■ We thus have a situation where the new act revises, amends and republishes the title and every section of the former act. We also have a situation where practically all the substantive provisions of the original act have been re-enacted by the amendatory act. Under this situation, by virtue of the well-understood rule of statutory interpretation, all provisions of the original act omitted from the new enactment are repealed, while at the same time the portions thereof not altered are considered as having been the law from the time they were enacted and the new provisions are considered as having been enacted at the time of the amendment. (Pol. Code, sec. 325; *Riley* v. *Havens*, 193 Cal. 432 [225 Pac. 275]; *Vallejo etc. Co.* v. *Reed Orchard Co.*, 177 Cal. 249 [170 Pac. 426]; *San Joaquin etc. Co.* v. *Stevinson*, 164 Cal. 221 [128 Pac. 924]; *Estate of Martin*, 153 Cal. 225 [94 Pac. 1053]; 23 Cal. Jur., p. 699, sec. 87.)

■ It therefore follows as a necessary conclusion that the attack in the present proceeding upon such provisions as were continued in the amended act must be allowed to proceed, for, as to them, invalidity may inhere as well after as before the amendment. It is true that by virtue of the amendment only a portion of the sections of the amended act will be under review and appellants may meet other difficulties, but this is not ground upon which to declare the questions moot nor to deny appellants such solace as they may receive by an attack upon such provisions as have been continued in the new act.

The motion to dismiss is denied.

Richards, J., Seawell, J., Shenk, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.