[Crim. No. 859.    Fourth Dist.    Jan. 16, 1953.]

THE PEOPLE, Respondent, v. JAMES JOSEPH ATKINSON, Appellant.

J. M. Lopes for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 502 of the Vehicle Code, it being charged

that on February 18, 1952, he unlawfully drove an automobile upon a public highway while under the influence of intoxicating liquor. It was further charged that he had previously been convicted, in 1927 in the Superior Court of San Benito County, of a violation of section 112 of the Vehicle Act. Upon arraignment he moved for a dismissal and demurred to the information, which were denied and overruled. He then pleaded not guilty and denied having suffered the prior conviction. A jury found him guilty as charged, including the prior conviction. The court denied a motion for a new trial, suspended the imposition of sentence, and admitted him to probation, one condition being that he pay a fine of $300. He has appealed from the order denying his motion to dismiss; from the order overruling his demurrer; from the order denying his motion for a new trial; from the jury's verdict; and from the judgment.

No contention is made that the evidence is not sufficient to show a violation of section 502 of the Vehicle Code on February 18, 1952, and the evidence clearly shows that the appellant had suffered the previous conviction charged, as a result of which he was fined $360. ■ Appellant's sole contention is that the superior court had no jurisdiction in this matter, that the justice court (in Tulare) had no jurisdiction to hold him answerable under section 502 of the Vehicle Code for a conviction previously had under section 112 of the Vehicle Act, and that the justice court was the proper place of trial. It is argued that section 112 of the Vehicle Act was automatically repealed by the enactment of section 502 of the Vehicle Code in 1935, and no longer has any effect; that a prior conviction thereunder now has no legal effect; and that the provisions of section 502 of the Vehicle Code were intended to apply only to one or more convictions under that section after it went into effect. In effect, it is contended that the offense committed on February 18, 1952, must be considered a first offense thereunder and, as such, was triable in the justice court.

The offense of which the appellant was convicted in 1927 was that of driving a vehicle upon a public highway while under the influence of intoxicating liquor. The language of section 112 of the Vehicle Act, under which that conviction was had, insofar as describing the offense is concerned, is substantially identical with the language used in section 502 of the Vehicle Code and substantially the same as that which has been continuously in effect since 1913. Section 502 made

no change in the existing law, with respect to the offense, and merely changed the punishment including a greater possible penalty upon a second conviction.

Section 2 of the Vehicle Code, as adopted in 1935, reads: "The provisions of this code, insofar as they are substantially the same as existing provisions relating to the same subject-matter, shall be construed as restatements and continuations thereof and not as new enactments." Section 7 provides that "section headings contained herein shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any . . . section hereof." The reference in section 502 of the Vehicle Code to first and subsequent convictions "under this section" was clearly intended to refer to a conviction of the offense set forth in the section, and not merely to the number of the section. The purpose and intent was to include that statute in a new codification being made, and not to wipe the slate clean and start over with a new statute. While a change was made in the punishment provided for, the offense itself remained the same as under the previously existing statute and it was specifically provided, in section 2, that this should be construed as a restatement and continuation of the existing statute and not as a new enactment. Since the language describing the offense remained the same and must be taken as a continuation of the existing statute, the effect is the same as if section 112 of the Vehicle Act had remained in force, insofar as the present problem is concerned. The appellant was previously convicted of that same offense and it makes no difference whether it then was, or might have been, a felony or a misdemeanor. The new statute being a continuation of the former, the offense committed by the appellant on February 18, 1952, was a second offense within the meaning of section 502 of the Vehicle Code.

Assuming that section 112 of the Vehicle Act was repealed by the adoption of the Vehicle Code in 1935, there was not a moment in which the repealing act stood in force without the provision of the old statute being replaced by the new section of the code. It must, therefore, be considered as a continuance of the old law, with a modification as to the punishment rather than as an abrogation of an old law and the enactment of a new one. (*Estate of Childs,* 18 Cal.2d 237 [115 P.2d 432, 136 A.L.R. 333]; *Perkins Mfg. Co.* v. *Clinton Const. Co.,* 211 Cal. 228 [295 P. 1, 75 A.L.R. 439]; *Sobey* v. *Molony,* 40 Cal.App.2d 381 [104 P.2d 868].) It must be held

that appellant's prior conviction of this same offense was properly taken into consideration, and that no lack of jurisdiction appears.

The purported appeal from the order denying the motion for a dismissal, from the order overruling the demurrer, from the verdict, and from the judgment are dismissed. No judgment was entered, and the others are not appealable. The order denying a motion for a new trial and granting probation is affirmed.

Griffin, J., and Mussell, J., concurred.