[Crim. No. 12720.   In Bank.   May 28, 1969.]

In re JOHNNY B. DAPPER on Habeas Corpus.

186

Johnny B. Dapper, in pro. per., for Petitioner.

Edward T. Butler, City Attorney, Kenneth H. Lounsbery and J. David Franklin, Deputy City Attorneys, for Respondent.

PETERS J.—Johnny B. Dapper petitions for a writ of habeas corpus.

In August 1966, he was charged with five counts of violating the San Diego Municipal Code: Count 1 [§ 55.30.10], permitting combustible material and debris to accumulate; count 2 [§ 55.36], allowing rubbish to remain without a permit; count 3 [§ 55.30.7(c)], storing lumber without a permit; count 4 [§ 44.0350], accumulating debris so as to afford a shelter for rats; and count 5 [§ 55.35], allowing dangerous weeds.

Dapper pleaded guilty to and was sentenced on counts 1 and 5. The other counts were dismissed "in furtherance of justice." Upon Dapper's petition, the court granted a petition for a writ of error *coram nobis,* including in its order a stipulation by the district attorney and Dapper's court-appointed counsel that the dismissed counts be reinstated.

A jury trial was held, and Dapper was found guilty on all

five counts. On count 1, he was sentenced to pay a fine of $500 and serve 180 days in jail; execution of judgment was stayed, and he was placed on probation for three years. On count 5, he was sentenced to 180 days in jail; except for three days, execution of sentence was stayed, and he was placed on probation for three years. The sentences were to run consecutively. As a condition of probation, he was required "to clean up his property."

Dapper contends that he could not be validly prosecuted under counts 2, 3, and 4, because section 1387 of the Penal Code bars the refiling of misdemeanor complaints which have been dismissed.[1] He argues that the stipulation to the reinstatement of the dismissed counts is invalid, because it was made over his objection, and shows incompetence of counsel. However, even assuming that Dapper objected to the stipulation at the time it was made and that because of his objection it was improper for counsel to enter into the stipulation, Dapper may not in this proceeding attack the stipulation, and the stipulation does not show incompetence of counsel.

The granting or denying of a petition for writ of error *coram nobis* is an appealable order, governed by the same procedural rules that apply to appeals from a judgment of conviction. (*People* v. *Griggs,* 67 Cal.2d 314, 316 [61 Cal. Rptr. 641, 431 P.2d 225] ; *In re Horowitz,* 33 Cal.2d 534, 537 [203 P.2d 513].) The reinstatement of the dismissed charges may have been an integral part of the order granting the writ, and had Dapper attacked the order on the basis of the part reinstating the charges, the entire order may have been held inseverable. (Cf. *Hamasaki* v. *Flotho,* 39 Cal.2d 602, 608-610 [248 P.2d 910] ; *People* v. *Dominguez,* 256 Cal.App.2d 623, 629 [64 Cal.Rptr. 290] ; *People* v. *Williams,* 247 Cal.App. 2d 394, 409-410 [55 Cal.Rptr. 550] ; *People* ex rel. *Dept. of Public Works* v. *Mascotti,* 206 Cal.App.2d 772, 778-779 [23 Cal.Rptr. 846, 24 Cal.Rptr. 679] ; *People* v. *Mason,* 184 Cal. App.2d 182, 187 [7 Cal.Rptr. 525].) He did not appeal the order granting the writ or move to set aside the order and vacate the writ. He has attacked only the portion of the order which, based on the stipulation, directed reinstatement of the dismissed charges. He has never urged that the order should be set aside in its entirety. Instead, he has taken advantage of

---

[1]Section 1387 of the Penal Code states: "An order for the dismissal of the action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

188

the order by withdrawing his guilty pleas and proceeding to trial on the merits of all of the charges. We are satisfied that in the circumstances of this case he may not be permitted at this time to attack the order granting the writ after he has taken advantage of those portions which are favorable to him.

██ The decision of the attorney to enter into the stipulation, even if beyond his authority, does not show that he was incompetent. The record does not show that counsel was unaware of the facts or the law applicable to the *coram nobis* proceeding, and, so far as appears from the record, the determination to enter into the stipulation may have been the wisest course to follow to secure the vacation of defendant's convictions. (Cf. *In re Hawley*, 67 Cal.2d 824, 828-829 [63 Cal.Rptr. 831, 433 P.2d 919].)

Dapper further contends that the municipal court had no jurisdiction to prosecute him under San Diego Municipal Code sections 55.30.10, 55.36, 55.30.7(c), and 55.35 because, although the provisions were in effect when the violations were allegedly committed, "on or about" June 30, 1966, the sections were repealed June 20, 1967, before the prosecution of Dapper had been reduced to final judgment in October 1967. This contention does not apply to count 4, accumulating debris so as to afford a shelter for rats, because that section has not been repealed.

██ The law is well-established that "the outright repeal of a criminal statute without a saving clause bars prosecution for violations of the statute committed before the repeal." (*Sekt* v. *Justice's Court*, 26 Cal.2d 297, 304 [159 P.2d 17, 167 A.L.R. 833].) The rule applies equally to local ordinances. (*Spears* v. *County of Modoc*, 101 Cal. 303, 304, 307 [35 P. 869].)

██ Respondent contends that the San Diego Municipal Code contains such a saving clause. The clause on which respondent relies reads: "Neither the adoption of this Code nor the repeal *hereby* of any Ordinance of this City shall in any manner effect [*sic*] the prosecution for violation of Ordinances, *which violations were committed prior to the effective date hereof*, . . ." (San Diego Mun. Code, § 11.04; italics added.) It is patently clear that the savings clause refers to ordinances repealed *by* the code, and not to ordinances comprising the code which are subsequently repealed. It is equally clear that the "violations" referred to, prosecution for which is preserved, are violations occurring before the adoption of the code and not violations like those involved here which

occurred after adoption. In brief, prosecution under the repealed ordinances in this case is not saved by section 11.04 of the San Diego Municipal Code.[2]

Respondent next contends that, even absent a valid savings clause, Dapper can be prosecuted under the repealed municipal code sections because San Diego Municipal Code Ordinance 9651 (new series), which repealed the challenged sections, simultaneously enacted the Uniform Fire Code, which, respondent asserts, contains substantially the same provisions as those in the repealed sections.

■ It is established that the rule which bars prosecution under a repealed law for offenses occurring before repeal does not apply ''where there is an outright repeal and a substantial reenactment,'' because it will be presumed that the legislative body ''did not intend that there should be a remission of crimes not reduced to final judgment.'' (*Sekt* v. *Justice's Court, supra,* 26 Cal.2d 297, 306.) ■ ''When a statute, although new in form, re-enacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break in the continuous operation of the old statute, and no abatement of any of the legal consequences of acts done under the old statute. Especially does this rule apply to the consolidation, revision, or codification of statutes, because, obviously, in such event the intent of the Legislature is to secure clarification, a new arrangement of clauses, and to delete superseded provisions, and not to affect the continuous operation of the law.'' (*Sobey* v. *Molony,* 40 Cal.App.2d 381, 385 [104 P.2d 868] ; see also, *Pacific Mail S.S. Co.* v. *Joliffe* (1864) 69 U.S. (2 Wall.) 450, 458 [17 L.Ed. 805] ; *Cort* v. *Steen,* 36 Cal.2d 437, 440 [224 P.2d 723] ; *Perkins Mfg. Co.* v. *Clinton Constr. Co.,* 211 Cal. 228, 236 [295 P. 1, 75 A.L.R. 439] ; *Carter* v. *Stevens,* 208 Cal. 649, 651 [284 P. 217] ; *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221, 234 [128 P. 924] ; *Wayne* v. *Bureau of Private Investigators & Adjusters,* 201 Cal.App.2d 427, 438-439 [20 Cal.Rptr. 194] ; *Orange County Water Dist.* v. *Farnsworth,* 138 Cal.App.2d 518, 524-525 [292 P.2d 927] ; *People* v. *Atkin-*

[2]In contrast, the savings clause in section 9608 of the Government Code, would preserve the prosecution of offenses in circumstances such as those in the instant case: ''The termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such indictment or information and punishment is expressly declared by an applicable provision of law.''

*son*, 115 Cal.App.2d 425, 426-427 [252 P.2d 67]; *Jones* v. *City of South San Francisco*, 96 Cal.App.2d 427, 432-433 [216 P.2d 25].)

Preliminarily, we note that the entire San Diego Municipal Code—both the repealed sections and the portions of the Uniform Fire Code which replaced the repealed sections—are subject to section 11.12 of that code, captioned "Violations—A Misdemeanor," which states: "It shall be unlawful for any person to violate any provision or to. fail to comply with any of the requirements of this Code." The punishment provided by the section for either violating a provision or failing to comply with any mandatory requirement is a fine of not more than $500 or imprisonment in jail for not more than six months, or both.

Section 11.12 makes clear that an act is subject to punishment whether the language be, for example, "It is unlawful to. . . ." or, "No person shall. . . ." Since section 11.12 was neither amended nor repealed, it is clear that the punishment is the same for violation of either the repealed or the new sections.

A comparison of the repealed sections and the new sections based on, or incorporated by reference to, the Uniform Fire Code, convinces us that, as respondent contends, section 55.36 (count 2) has been substantially reenacted and may be considered to be continuous in operation from the date the section was originally adopted; but contrary to respondent's contention, section 55.30.10 (count 1), section 55.30.7(c) (count 3) and section 55.35 (count 5) have not been substantially reenacted, and therefore no prosecution may be validly maintained against Dapper for violation of those sections.

1. Section 55.30.7(c) stated: "It shall be unlawful . . . To keep . . . lumber . . . without . . . a permit from the Fire Marshal." Respondent cites us to no comparable provision contained in the provisions of the Uniform Fire Code, as adopted by San Diego Ordinance 9651 (new series).

2. With respect to former section 55.30.10 respondent urges that its provisions have been substantially reenacted by sections 27.05a and 1.44 of the Uniform Fire Code (UFC), incorporated by reference into the San Diego Municipal Code. Although the list of items, "accumulation" of which is prohibited in both the repealed and the new sections, contains many of the same items, one significant item—"broken

wood"—has been omitted from the prohibited list of items in the new section.[3]

The information against Dapper charging him in count 1 with the violation of section 55.30.10, specified, inter alia, the accumulation of "broken wood."

Thus, both the section as written and as charged involves an offense, accumulating "broken wood," that is no longer punishable. We must hold that the rule of *Sekt* v. *Justice's Court, supra,* 26 Cal.2d 297, 304, applies, and the prosecution of Dapper is barred by the "outright repeal of a criminal statute."

3. Respondent contends that section 55.35 has been substantially reenacted by section 27.05a, discussed above. Section 55.35 made it unlawful to allow any "vacant land, yard or premises" to "be overrun or overgrown with noxious or dangerous weeds." Section 27.05a states that "Accumulations of . . . weeds . . . shall not be permitted to remain . . . in any court, yard, vacant lot or open space," and that "All weeds . . . when same endangers property . . . shall be cut down and removed. . . ."

Although section 27.05a requires that "weeds" be cut down only when property is endangered, repealed section 55.35 required that "noxious" weeds be cut down, whether or not the weeds are dangerous. The phrase "noxious weeds" has a meaning distinct and different from "weeds . . . [which] endanger property." In California, "'Noxious weed' means any species of plant which is, or is liable to be, detrimental or destructive and difficult to control or eradicate." (Agr. Code, § 52256.) "Primary noxious weeds" consist of 13 specified species (Agr. Code, § 52257), while "secondary noxious weeds" refers to all other species of noxious weeds (Agr. Code, § 52258).

The purpose of the provisions of section 27.05a (contained in the UFC) is to prevent fires. Thus, any "accumulations"

---

[3] Repealed section 55.30.10 stated: "Any accumulation of combustible or inflammable material, boxes, broken wood, trash, waste paper, rags, or other debris of any kind . . . is . . . prohibited, . . ."

Section 27.05a of the Uniform Fire Code (incorporated by reference in § 55.1 of Ord. 9651 (new series) of the San Diego Mun. Code) prohibits: "Accumulations of waste paper, hay, grass, straw, weeds, litter or combustible or flammable waste [which includes, under UFC, § 1.44: 'magazines, books, trimmings from lawns, trees, flower gardens, pasteboard boxes, rags, paper, straw, sawdust, packing material, shavings, boxes . . . rubbish and refuse . . . .']."

of weeds—that is, cut-down or loose weeds—and other loose items are prohibited, while growing weeds are prohibited only when they endanger property. In contrast, section 55.35 contained no mention of cut-down weeds, but did prohibit certain types of growing weeds.

In sum, neither the prohibitions nor the purpose of section 55.35 are reenacted by section 27.05a. Dapper was charged with allowing his property to be overrun with ''noxious or dangerous weeds.'' It is no longer an offense to allow property to be overrun with ''noxious'' weeds. The conviction for violating section 55.35 (count 5) must also be reversed.

Finally, respondent contends that repealed section 55.36 was substantially reenacted by section 27.36 of the Uniform Fire Code, included as section 55.27.36 of the San Diego Municipal Code. We agree. The sections are virtually identical.[4]

In summary, Dapper was convicted of five counts of violating the San Diego Municipal Code. The convictions on count 1 (violation of § 55.30.10), count 3 (§ 55.30.7(c)) and count 5 (§ 55.35) are invalid, because the sections have been repealed and have not been substantially reenacted by any provisions of ordinance 9651 (new series) of the San Diego Municipal Code. The conviction on count 2 (violation of § 55.36) is valid, because the repealed section was substantially reenacted by provisions of ordinance 9651 of the San Diego Municipal Code. The conviction on count 4 (violation of § 44.0350) is valid; that section has not been repealed.

Dapper's further contentions that he was denied a fair trial, was inadequately represented by counsel, was convicted based on false testimony, and was subject to cruel and unusual punishment, are without merit.

Because of our disposition of this matter, we need not reach Dapper's final contention that the sentences imposed on

[4]Section 55.36 stated: ''It shall be unlawful for any person to dump or throw rubbish of any kind upon any lot or tract of land . . . except by the written permission of the City Council; and it shall be unlawful . . . to place or allow to be placed, or allow to remain on any premises . . . such rubbish without the written permission of the City Council.''

Section 27.36 of the Uniform Fire Code states: ''No person shall dump or throw rubbish of any kind upon any lot or tract of land . . . except by the written permission of the City Council; and no occupant or owner of any premises shall place or allow to be placed, or allow to remain on said premises such rubbish without the written permission of the City Council.''

·counts 1 and. 5 are cumulative punishment for the same offense, in violation of section 654 of the Penal Code.[5]

. The writ is granted. The Appellate Department of the Superior Court of San Diego County is directed to recall the remittitur in case number Crim. 12056 to vacate the convictions and judgments on count 1 and count 5, to vacate the conviction on count 3, and to remand the case to the municipal court to enter judgment on count 2 and count 4 in accordance with the views expressed herein.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I concur in that part of the opinion that upholds the convictions on counts 2 and 4. I dissent from that part of the opinion that directs the court to vacate the convictions. and judgments on counts 1 and 5 and to vacate the conviction on count 3.

Petitioner's application for a rehearing was denied June 25, 1969.

---

[5]Dapper has not been sentenced on either of the valid convictions (counts 2 and 4). It would be premature for this court to decide whether separate sentences for these counts would violate section 654. We must. assume that any sentence imposed by the trial court will be consistent with the requirements of section 654.