[No. F040143. Fifth Dist. Nov. 17, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
BERT GENE ROBERTSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and parts II and III of the Discussion.

**COUNSEL**

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—Defendant Bert Gene Robertson was found guilty of five sex crimes against C.S. and one sex crime against S.M. The crime against S.M. was charged under the authority of Penal Code section 803, subdivision (g), a special supplementary statute of limitations for certain sex crimes against minors.[1] In the published portion of this opinion, we reject defendant's claim that section 803, subdivision (g) violates ex post facto and due process principles and, even if constitutional, did not have retroactive effect until 1997. Defendant also argues the evidence is insufficient to satisfy the corroboration requirement in section 803, subdivision (g), and the trial court erred in admitting evidence of uncharged prior sexual offenses and in giving a related jury instruction. We affirm.[2]

### PROCEDURAL BACKGROUND

Defendant was charged in count 1 with a lewd and lascivious act with a child under the age of 14 against S.M. occurring between January 1, 1990, and November 30, 1991. (§ 288, subd. (a).) It was alleged that the statute of limitations for this crime had been extended pursuant to section 803, subdivision (g). Counts 2, 3, 5 and 6 alleged a lewd and lascivious act with a child 14 or 15 years of age where the defendant is at least 10 years older than the victim. (§ 288, subd. (c)(1).) In count 4 defendant was charged with an act of sexual penetration with a person under the age of 16 and a defendant over the age of 21. (§ 289, subd. (i).) It was alleged as to all counts that the crimes involved multiple victims. (§ 1203.066, subd. (a)(7).)

Prior to trial, defendant filed a motion to set aside count 1 of the information based on the extension of the statute of limitations pursuant to section 803, subdivision (g). The trial court denied the motion. Defendant objected to the admission of prior uncharged acts against S.M. The trial court allowed the evidence to be admitted.

---

[1] All future code references are to the Penal Code unless otherwise noted.

[2] While this case was pending in this court, we received a request from defendant to dismiss this appeal. The basis asserted for the request is defendant's claim that following a request by the district attorney the trial court modified the judgment pursuant to *Stogner v. California* (2003) 539 U.S. 607 [156 L.Ed.2d 544, 123 S.Ct. 2446] (*Stogner*) dismissing count 1 and resentencing defendant on the remaining counts. Because the issues raised on appeal involve only count 1, defendant claims the appeal is moot. We deny the request for dismissal. First, any action by the trial court after jurisdiction was properly established in this court is not properly before us. Second, as evidenced by our discussion in the published portion of this case, our decision regarding the viability of count 1 is clearly in conflict with the reasoning for the purported dismissal in the trial court; thus we find that the matter is one of continuing public interest and is likely to recur. We exercise our discretion to resolve the legal issues raised. (*People v. Eubanks* (1996) 14 Cal.4th 580, 584, fn. 2 [59 Cal.Rptr.2d 200, 927 P.2d 310].)

The jury found defendant guilty of counts 1 through 5 and not guilty on count 6. It found the multiple-victim allegation to be true. Defendant was sentenced to prison for a total term of eight years, eight months.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I. Ex Post Facto

Defendant was charged and convicted in count 1 of a lewd and lascivious act (§ 288, subd. (a)) against S.M. occurring between January 1, 1990, and November 30, 1991. In 1990, and 1991 (and unchanged to date), the punishment for a violation of section 288, subdivision (a) was three, six, or eight years. Pursuant to section 800, because this offense is punishable by eight years or more in prison, the statute of limitations is six years.

Count 1 was charged pursuant to section 803, subdivision (g), a special supplementary statute of limitations for certain sex crimes against minors. Section 803, subdivision (g) as originally enacted went into effect on January 1, 1994. It provided in part that a "criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289 or 289.5."

The original legislation did not expressly state whether or not the enactment was retroactive. In 1995 and 1996, some appellate courts issued decisions finding that section 803, subdivision (g) should not be given retroactive effect. In response to these decisions, section 803, subdivision (g) was amended in 1996, going into effect on January 1, 1997, expressly stating that a pleading could be filed within one year of a qualifying report even where the defendant acquired a statute of limitations defense before 1994. (*People v. Bunn* (2002) 27 Cal.4th 1, 7–8 [115 Cal.Rptr.2d 192, 37 P.3d 380].)

In 1999, the California Supreme Court held that section 803, subdivision (g) could be applied retroactively without violating ex post facto principles. (*People v. Frazer* (1999) 21 Cal.4th 737 [88 Cal.Rptr.2d 312, 982 P.2d 180].) ■ In 2003, the United States Supreme Court held that section 803,

---

*See footnote, *ante*, page 389.

subdivision (g), as applied to crimes that were already time barred when the section was enacted, violates ex post facto principles. (*Stogner, supra,* 539 U.S. 607.)

The parties filed supplemental briefing in this court after the *Stogner* opinion was issued. Defendant claims that although the statute of limitations for count 1 did not run until January 1, 1996,[3] a date after January 1, 1994, when section 803, subdivision (g) first went into effect, the statute was not made retroactive until January 1, 1997, when the 1996 amendment went into effect. He asserts that statutes of limitations are to be strictly construed in favor of the accused and this court should not assume that the statute, as originally enacted, applied to crimes committed before the statute's effective date, even in cases where the statute of limitations had not expired on those crimes at the time the statute first took effect.

"While an intention to change the law is usually inferred from a material change in the language of the statute [citations], a consideration of the surrounding circumstances may indicate, on the other hand, that the amendment was merely the result of a legislative attempt to clarify the true meaning of the statute." (*Martin v. California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71].) Although the United States Supreme Court in *Stogner* disapproved of the California Supreme Court's holding in *Frazer* on the question of the applicability of ex post facto principles to an already expired statute of limitations, *Stogner* does nothing to questions answered in the *Frazer* opinion that do not have constitutional underpinnings. The question whether the legislative change in 1996 was a clarification of the previous statute or was intended to be a material change to the existing statute is purely a question of California law. The *Frazer* court found that the 1996 amendment was to repudiate the earlier Court of Appeal decisions finding that the statute was not retroactive and the "1996 amendment sought to 'clarify,' through express 'retroactivity' and 'revival' provisions." (*People v. Frazer, supra,* 21 Cal.4th at p. 753.) ■ Thus the California Supreme Court held the 1996 amendment was a clarification of, not a change to, the original version of 1994. We are bound by that decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ *Stogner* acknowledged that "courts have upheld extensions of *unexpired* statutes of limitations. . . ." (*Stogner, supra,* 539 U.S. at p. 617.) Section 803, subdivision (g) was retroactive for instances of unexpired statutes of limitations at the time it was originally passed in 1994. Because the

---

[3] Although the charging period for count 1 ran from January 1, 1990, to November 30, 1991, we shall use the earliest date because it is not clear from S.M.'s testimony the exact date of the crime. (*People v. Angel* (1999) 70 Cal.App.4th 1141 [83 Cal.Rptr.2d 222].)

statute of limitations in count 1 had not expired when this section went into effect in 1994, the defendant was properly prosecuted under this new statute extending the statute of limitations.

## II.–III.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Dibiaso, Acting P. J., and Cornell, J., concurred.

A petition for a rehearing was denied December 4, 2003, and appellant's petition for review by the Supreme Court was denied February 18, 2004.

[*]See footnote, *ante*, page 389.