[No. F054327. Fifth Dist. June 18, 2008.]

In re ADRIAN JOE WHITE on Habeas Corpus.

COUNSEL

Adrian Joe White, in pro. per.; and Marcia R. Clark, under appointment by the Court of Appeal, for Petitioner Adrian Joe White.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and John G. McLean, Deputy Attorney General, for Respondent State of California.

## OPINION

**GOMES, J.**—On the premise that his trial attorney's failure to raise statute of limitations issues constituted ineffective assistance of counsel leading to his prosecution for and conviction of time-barred crimes, Adrian Joe White petitions for a writ of habeas corpus and prays for reversal of the judgment and dismissal with prejudice. We will deny the petition.

### PROCEDURAL BACKGROUND

On December 21, 2005, the district attorney filed an information charging White with commission of one count each of forcible rape (Pen. Code, former § 261, subd. (a)(2))[1] and forcible oral copulation (former § 288a,

---

[1] Later statutory citations are to the Penal Code. The word "former" before a citation denotes a statute amended after a date relevant here.

subd. (c)) and with commission of two counts of sexual penetration by force (§ 289, subd. (a)), all on January 4, 1996. After a jury found him guilty as charged and he admitted a serious felony prior (§ 667, subd. (a)(1)) within the scope of the three strikes law (§§ 667, subds. (b)–(j), 1170.12, subds. (a)–(e)) and four prison term priors (§ 667.5, subd. (b)), the court imposed a 69-year prison sentence. On his appeal, which challenged sentencing only, we affirmed the judgment. (*People v. White* (Dec. 5, 2007, F050184) [nonpub. opn.].)[2]

On June 26, 2007, while his appeal was still pending, White filed a petition for writ of habeas corpus in the superior court arguing that his trial attorney's failure to raise statute of limitations issues constituted ineffective assistance of counsel. On July 21, 2007, the superior court denied his petition. On December 10, 2007, he filed the instant petition.

On December 24, 2007, we directed the Attorney General to file an informal response to "address, with particularity, which tolling provision, if any, applied to the criminal proceedings which were filed more than six years after the commission of the offenses" and ordered the appointment of counsel to represent petitioner. On January 23, 2008, the Attorney General filed an informal response arguing that prosecution was not time-barred. On February 22, 2008, we issued an order to show cause why the relief petitioner prayed for should not be granted.

On March 12, 2008, the Attorney General filed a letter informing us of his election to treat the informal response already on file as the return to the order to show cause. On April 7, 2008, appointed counsel for petitioner filed a letter informing us that on the basis of her review of the filings and research of the law "the issues have been adequately briefed" and "there is no need for any briefing."

## DISCUSSION

On January 4, 1996, the date of commission of all four crimes of which White was convicted, the punishment for each was identical—"three, six, or eight years." (Former § 264, subd. (a); former § 288a, subd. (c); former § 289, subd. (a).) Section 800[3] set out the statute of limitations then in effect:

---

[2] On the Attorney General's request, we take judicial notice of the record on appeal. (See *In re Wright* (2005) 128 Cal.App.4th 663, 669 [27 Cal.Rptr.3d 281]; Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

[3] Since taking effect on January 1, 1985, section 800 has never been amended.

"Except as provided in Section 799,[4] prosecution for an offense punishable by imprisonment in the state prison for eight years or more shall be commenced within six years after commission of the offense." (Added by Stats. 1984, ch. 1270, § 2, p. 4335.) So by the terms of section 800, White's prosecution had to commence no later than January 4, 2002 (six years after commission of the crimes of which he was convicted).

Ultimately, however, section 800 was not the statute to govern the statute of limitations question here. Effective January 1, 2001, a chaptered statute added a new subdivision (h)(1) to former section 803, extending from six years to 10 years the statute of limitations applicable to the crimes of which White was convicted: "Notwithstanding the limitation of time described in Section 800, the limitations period for commencing prosecution for a felony offense described in subparagraph (A) of paragraph (2) of subdivision (a) of [former] Section 290, where the limitations period set forth in Section 800 has not expired as of January 1, 2001, . . . shall be 10 years from the commission of the offense . . . ." (Stats. 2000, ch. 235, § 1, underscoring omitted.) The crimes of which White was convicted were listed in former section 290, subdivision (a)(2)(A). (Former § 803, subd. (h)(1).) Effective January 1, 2002, a chaptered statute moved the 10-year statute of limitations from former section 803, subdivision (h)(1) to former section 803, subdivision (i)(1) without textual change. (Stats. 2001, ch. 235, § 1.) The original six-year statute of limitations in section 800 expired three days later on January 4, 2002.

Effective September 29, 2002, a chaptered statute amended former section 803 in ways not relevant here and left intact the 10-year statute of limitations in former section 803, subdivision (i)(1). (Stats. 2002, ch. 1059, § 2, eff. Sept. 29, 2002.) Effective April 3, 2003, a chaptered statute amended former section 803 in ways not relevant here and likewise left intact the 10-year statute of limitations in former section 803, subdivision (i)(1). (Stats. 2003, ch. 2, § 1, eff. Apr. 3, 2003.) Effective January 1, 2004, a chaptered statute amended former section 803 in ways not relevant here and similarly left intact the 10-year statute of limitations in former section 803, subdivision (i)(1). (Stats. 2003, ch. 152, § 1.)

The statutory amendment at issue here took effect January 1, 2005, when a chaptered statute changed the statutory home of the 10-year statute of limitations, without substantive textual change, to a new statute—former section 801.1 ("Notwithstanding any other limitation of time described in this chapter, *prosecution for a felony offense described in subparagraph (A) of*

---

[4] Section 799 authorizes prosecution at any time for "an offense punishable by death or by imprisonment in the state prison for life or for life without the possibility of parole, or for the embezzlement of public money."

*paragraph (2) of subdivision (a) of [former] Section 290 shall be commenced within 10 years after commission of the offense.*" [Stats. 2004, ch. 368, § 1, italics added])—and deleted the 10-year statute of limitations from former section 803, subdivision (i)(1) ("Notwithstanding the limitation of time described in Section 800, *the limitations period for commencing prosecution for a felony offense described in subparagraph (A) of paragraph (2) of subdivision (a) of [former] Section 290*, where the limitations period set forth in Section 800 has not expired as of January 1, 2001, . . . *shall be 10 years from the commission of the offense . . . .*" [Italics added; compare Stats. 2004, ch. 368, § 2 with Stats. 2000, ch. 235, § 1; Stats. 2001, ch. 235, § 1; Stats. 2002, ch. 1059, § 2, eff. Sept. 29, 2002; Stats. 2003, ch. 2, § 1, eff. Apr. 3, 2003; Stats. 2003, ch. 152, § 1]).

Simultaneously, the same chaptered statute added section 803.6:[5] "(a) If more than one time period described in this chapter applies, the time for commencing an action shall be governed by that period that expires the latest in time. [¶] (b) Any change in the time period for the commencement of prosecution described in this chapter applies to any crime if prosecution for the crime was not barred on the effective date of the change by the statute of limitations in effect immediately prior to the effective date of the change. [¶] (c) This section is declaratory of existing law."

█ From January 1, 2005 (the effective date of the change in the statutory home of the 10-year statute of limitations), through December 21, 2005 (the date of the filing of the information), section 801.1 was not amended. The sole amendments to former section 803 that took effect during that timeframe left intact the 10-year statute of limitations in former section 801.1. (Stats. 2005, ch. 2, §§ 1–3, eff. Feb. 28, 2005, repealing former § 803 as amended by Stats. 2004, ch. 368, § 2, and as amended by Stats. 2003–2004, 4th Ex. Sess., ch. 2, § 7, eff. Mar. 1, 2005.)

█ The rule is settled that reenactment by a new statute of an existing statute in substantially the same terms repeals by implication only those provisions of the existing statute omitted by reenactment. (1A Sutherland Statutes and Statutory Construction (6th ed. 2002) § 23.29, p. 556 (Sutherland).) The cases sometimes refer to simultaneous repeal and reenactment (see, e.g., *People v. McDaniels* (1972) 25 Cal.App.3d 708, 712 [102 Cal.Rptr. 444]), but the term is a misnomer, for "the courts will construe the unchanged provisions as being continuously in force" (Sutherland, *supra*, at p. 557, fn. 4). If a new statute repeals an existing statute and "they both legislate upon the same subject, and in many cases the provisions of the two statutes are similar and almost identical," and "there never has been a moment of time since the passage of the [existing statute] when these similar provisions have

---

[5] Since taking effect on January 1, 2005, section 803.6 has never been amended.

not been in force," "the new act should be construed as a continuation of the old with the modification contained in the new act." (*Bear Lake Irrigation Co. v. Garland* (1896) 164 U.S. 1, 11–12 [41 L.Ed. 327, 17 S.Ct. 7] (*Bear Lake*).)

In *Bear Lake*, the United States Supreme Court relied on an earlier high court case interpreting California statutes as to which "the provisions of the new act took effect simultaneously with the repeal of the old one . . ." and holding that "the new one might more properly be said to be substituted in the place of the old one, and to continue in force, with modifications, the provisions of the old act, instead of abrogating or annulling them, and reënacting the same as a new and original act." (*Bear Lake, supra,* 164 U.S. at p. 12, citing *Steamship Company v. Joliffe* (1865) 69 U.S. (2 Wall.) 450 [17 L.Ed. 805] (*Steamship Company*).) In express reliance on *Bear Lake* and *Steamship Company*, our Supreme Court analyzed the simultaneous repeal of an existing statute and reenactment of similar provisions in a new statute by the same chaptered statute (as here) and held that the "new act must be deemed to be a continuance and modification of the old law, and not the complete abrogation of it . . . ." (*Perkins Mfg. Co. v. Clinton Const. Co.* (1930) 211 Cal. 228, 230, 236–239 [295 P. 1] (*Perkins*).)

■ Later California cases construing analogous statutes consistently rule in harmony with *Bear Lake, Steamship Company,* and *Perkins.* (See, e.g., *Sekt v. Justice's Court* (1945) 26 Cal.2d 297, 306 [159 P.2d 17] [" 'When a statute, although new in form, re-enacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break in the continuous operation of the old statute, and no abatement of any of the legal consequences of acts done under the old statute. Especially does this rule apply to the consolidation, revision, or codification of statutes, because, obviously, in such event the intent of the Legislature is to secure clarification, a new arrangement of clauses, and to delete superseded provisions, and not to affect the continuous operation of the law. [¶] This is the rule of decision in California and in the other states, even in the absence of legislative declaration. *The cases have clearly established the rule that such restatement, without substantial change, neutralizes any repeal, express or implied. No saving clause or other expression of legislative intent is necessary to accomplish this result.* The intent is derived from the fact and purpose of a restatement without change.' " (Italics added.)]; accord, *In re Dapper* (1969) 71 Cal.2d 184, 189 [77 Cal.Rptr. 897, 454 P.2d 905]; *People v. Atkinson* (1953) 115 Cal.App.2d 425, 427 [252 P.2d 67].)

■ Since neither the date of the commission of the offenses nor the date of the filing of the information nor any other question of fact is in dispute, the

issue before us is a question of law. The 10-year statute of limitations applicable to the crimes of which White was convicted was continuously in effect from January 1, 2001. The six-year statute of limitations in section 800 did not expire until January 4, 2002. His prosecution was never time-barred, so constitutional ex post facto clause protection against prosecution with a statute of limitations enacted *after* a previous statute of limitations period expired is inapplicable. (See *Stogner v. California* (2003) 539 U.S. 607, 609, 632–633 [156 L.Ed.2d 544, 123 S.Ct. 2446] (*Stogner*); U.S. Const., art. I, § 10, cl. 1.) Here, the Legislature did not revive an expired statute of limitations period but simply extended one *before* expiration. That is constitutionally permissible. (*Stogner, supra*, at pp. 618–619; *People v. Terry* (2005) 127 Cal.App.4th 750, 775–776 [26 Cal.Rptr.3d 71]; *People v. Robertson* (2003) 113 Cal.App.4th 389, 393–394 [6 Cal.Rptr.3d 363].)

## DISPOSITION

The petition for writ of habeas corpus is denied.

Vartabedian, Acting P. J., and Wiseman, J., concurred.