Filed 5/27/14  P. v. Mode CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A138181** |
| v. | |
| **LAURA ANN MODE,** | **(Del Norte County** |
| **Defendant and Appellant.** | **Super. Ct. No. CRF12-9235)** |

Appellant Laura Ann Mode appeals from her conviction, after a jury trial, of two counts relating to possession of methamphetamine and paraphernalia.  She contends a jury instruction regarding one of the counts was prejudicial error.  We affirm.

BACKGROUND

In April 2012, appellant was arrested on an outstanding civil warrant.  The arresting officer searched appellant's purse and found two vials containing a substance later determined to be methamphetamine.

A glass pipe containing white crystalline residue was also found in appellant's purse.  Results of a field test showed the residue was presumptively positive for methamphetamine; however, the residue was not analyzed by the California Department

1

of Justice.[1]  A law enforcement officer, testifying as an expert in the use of methamphetamine, testified the pipe was a methamphetamine pipe.  In his opinion, it looked like a pipe that had been used to smoke methamphetamine.

Appellant was charged with possession of methamphetamine (Health & Saf. Code, § 11377)[2] and possession of drug paraphernalia (§ 11364, subd. (a)).[3]  She was also charged with two additional counts of which she was not convicted and which are not relevant to this appeal.  Following a jury trial, she was convicted of possession of methamphetamine and paraphernalia.  This appeal followed.

DISCUSSION

In response to a question submitted by the jury during deliberations, the trial court instructed the jury that "[a] pipe need not have actually been used to smoke methamphetamine" to sustain a conviction under section 11364.  Appellant argues section 11364 does require the jury to find a pipe has in fact been used to smoke methamphetamine, and the trial court's error was prejudicial.  We need not decide whether the instruction was error because any error was harmless.

" '[A]n instructional error that improperly . . . omits an element of an offense . . . generally is not a structural defect in the trial mechanism that defies harmless error review and automatically requires reversal under the federal Constitution.'  [Citation.]  Instead, an erroneous instruction that omits an element of an offense is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18.  [Citations.]  In general, the *Chapman* test probes 'whether it appears "beyond a reasonable doubt that the

---

[1]  Other items found in appellant's purse — a baggie and a compass — also contained a white crystalline substance which tested presumptively positive for methamphetamine in a field test.

[2]  All undesignated section references are to the Health and Safety Code.

[3]  Section 11364 has been suspended, effective January 1, 2012 until January 1, 2015. (Stats. 2011, ch. 738, § 10.)  Section 11364.1, subdivision (a), effective January 1, 2012, contains language identical to section 11364, subdivision (a).  (Stats. 2011, ch. 738, § 11.)  Appellant has not raised the suspension of section 11364 as an issue in this case and, in light of section 11364.1, subdivision (a), we do not believe the suspension is of concern.  (Cf. *In re Dapper* (1969) 71 Cal.2d 184, 189.)

2

error complained of did not contribute to the verdict obtained." [Citations.]' [Citation.]" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 662-663 (*Gonzalez*).) In cases of "instructional errors that arguably prevent the jury from finding an element of an offense," we ask: " 'Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?' [Citation.]" (*Id.* at p. 663.)

The answer is yes. The evidence the pipe had been used to smoke methamphetamine was overwhelming. The pipe contained white crystalline residue that tested presumptively positive for methamphetamine in a field test. The pipe was found in a purse containing vials of confirmed methamphetamine. An expert in the use of methamphetamine testified the pipe looked like it had been used to smoke methamphetamine. No evidence was introduced to suggest the white residue in the pipe was anything but methamphetamine.

In the face of this evidence, appellant emphasizes notes sent by the jury during its deliberations to the trial court that relate to the pipe. One note asked whether the residue in the pipe was tested by the California Department of Justice and, if so, what was the result. The second note, which prompted the challenged instruction, asked, "If the meth pipe had been brand new and never used," would it sustain a conviction under section 11364? Appellant argues these notes, and the short time elapsing between the challenged instruction and the guilty verdicts, indicate *this* jury did not believe the People had proven the pipe had been used.

However, "the appropriate harmless error test for instructions that erroneously omit an element of an offense . . . does not require proof that a particular jury '*actually* rested its verdict on the proper ground [citation], but rather on proof beyond a reasonable doubt that *a rational jury* would have found the defendant guilty absent the error [citation]." (*Gonzalez, supra,* 54 Cal.4th at p. 666.) As discussed above, no rational jury could find the pipe had not been used to smoke methamphetamine.

DISPOSITION

The judgment is affirmed.

3

 

 

 

 

                                              _____

                                              SIMONS, Acting P.J.

 

 

We concur.

 

 

_____

NEEDHAM, J.

 

 

_____

BRUINIERS, J.