Filed 8/31/16  P. v. Sanders CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078254 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F07555) |
| v. | |
| DERECK JERMAINE SANDERS, | |
| Defendant and Appellant. | |

This case involves the "roaming rapist" who victimized 10 women in Sacramento between 1998 and 2003.  The victims were between 14 and 42 years old.  All were raped outside their homes.  Nine were kidnapped.  Some were threatened with a gun.

Defendant Dereck Jermaine Sanders was identified as the rapist when his DNA (that was taken from McDonalds food wrappers he threw away) matched the DNA samples taken from nine of the victims after they were raped.[1]

A jury found defendant guilty of 28 felony crimes (some with gun enhancements) related to these assaults on the 10 women, including rape, aggravated kidnapping (kidnapping to commit rape), sexual penetration by a foreign object, and oral copulation. The trial court sentenced him to a determinate term of 132 years in prison plus an indeterminate term of 264 years to life in prison.

Defendant appeals, raising issues relating to the statute of limitations, his motion to substitute new counsel, his motion to represent himself, his new trial motion, gun evidence, and sentencing. We agree with defendant that one of his rape convictions was time-barred and that the court erred in imposing a sentence with a minimum parole eligibility term on two of his aggravated kidnapping convictions. We therefore vacate one of defendant's rape convictions, modify defendant's sentence, and affirm the judgment as modified.

DISCUSSION

I

*Defendant's Conviction For Rape In Count Twenty-One*

*Must Be Vacated Because It Was Time-Barred*

Defendant contends (and the People agree) that one of his rape convictions (count twenty-one) must be vacated as time-barred because the felony complaint was filed more than 10 years after that crime was committed and there was insufficient evidence to apply the tolling period. Defendant and the People are correct.

---

[1] There was no DNA of the assailant recovered from one of the victims.

The statute of limitations for forcible rape is 10 years. (*In re White* (2008) 163 Cal.App.4th 1576, 1578-1580.) The forcible rape alleged in count twenty-one occurred on March 21, 2002. The prosecution of defendant for this crime commenced when he was arraigned on the felony complaint on November 13, 2012. (Pen. Code, § 804, subd. (c).) Thus, the statute of limitations expired unless it was tolled due to a delay in determining defendant's identity as the perpetrator through DNA testing.

Specifically, the statute of limitations may be tolled when a defendant's identity is being established by DNA testing. (Pen. Code, § 803, subd. (g).) In such a case, a "criminal complaint may be filed within one year of the date on which the identity of the suspect is conclusively established by DNA testing, if both of the following conditions are met:" "(A) The crime is one that is described in subdivision (c) of Section 290" and (B) for crimes committed after January 1, 2001, "biological evidence collected in connection with the offense is analyzed for DNA type no later than two years from the date of the offense." (Pen. Code, § 803, subd. (g)(1)(B).)

Here, the problem is a lack of evidence of when the rape evidence collected from the victim of count twenty-one was first analyzed for the suspect's DNA. At trial, the prosecutor's DNA expert testified she analyzed defendant's DNA and the rape evidence collected from the victim of count twenty-one on December 3, 2012. The criminal complaint was filed about a month earlier, on November 9, 2012. There was no testimony or other evidence about when those samples were first analyzed to obtain a genetic profile of the perpetrator.[2] Without such evidence, it could not be determined whether the samples were first analyzed from two years from the date of the offense, as

---

[2]     Notably, in a motion to dismiss this count, defense counsel argued that the DNA profile was available on November 24, 2004. The prosecutor never challenged this point in his opposition to the motion.

3

required by Penal Codes section 803.  We therefore must vacate defendant's conviction of count twenty-one, which reduces his determinate sentence by eight years.

II

*The Trial Court Acted Within Its Discretion In Denying Defendant's Marsden Motion Regarding Substitution Of New Counsel And His Faretta Motion To Represent Himself, And In Refusing To Allow Defendant To File A Motion For New Trial*

When the sentencing hearing began, defendant said he wanted a new lawyer to file a motion for new trial based on ineffective assistance of counsel, but he was willing to represent himself, if necessary, to file the new trial motion.  Defendant added he would need a continuance to file a new trial motion.  The trial court then held an in camera hearing to determine if substitute counsel should be appointed to file a new trial motion.  At the in camera hearing, defendant explained his dissatisfaction with counsel and counsel responded.  (*People v. Marsden* (1970) 2 Cal.3d 118.)  Finding no grounds for a new trial, the trial court denied the motion for new counsel (*Marsden* motion), the motion for defendant to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]), and refused to allow defendant to file a motion for new trail.

Defendant now contends the trial court abused its discretion in:  (a) denying his motion for new counsel; (b) denying his request to represent himself; and (c) denying him the right to file a motion for new trial.  We disagree, as explained below.

A

*The Trial Court Acted Within Its Discretion In Denying*
*The Marsden Motion Regarding Substitution Of New Counsel*

" 'A defendant "may be entitled to an order substituting appointed counsel if he shows that, in its absence, his Sixth Amendment right to the assistance of counsel would be denied or substantially impaired." ' " (*People v. Jackson* (2009) 45 Cal.4th 662, 682.) "Where a defendant requests the substitution of new counsel after trial in order to assist in the preparation of a motion for new trial based on the inadequacy of trial counsel, . . .

4

the trial judge [must] elicit from the defendant . . . the reasons he believes he was inadequately represented at trial." (*People v. Stewart* (1985) 171 Cal.App.3d 388, 395, disapproved on another point in *People v. Smith* (1993) 6 Cal.4th 684, 693-694.) " 'If the claim is based upon acts or omissions that occurred at trial or the effect of which may be evaluated by what occurred at trial the court may rule on the motion for new trial without substituting new counsel.' " (*People v. Reed* (2010) 183 Cal.App.4th 1137, 1144.)

The denial of a *Marsden* motion is reviewed for abuse of discretion. (*People v. Earp* (1999) 20 Cal.4th 826, 876.) Here, as we explain below, at the in camera hearing on whether to appoint substitute counsel to file a motion for new trial based on ineffective assistance of trial counsel David Bonilla, the trial court made the appropriate inquiry of defendant and Bonilla and then the appropriate findings, which demonstrate the court acted within its discretion to deny the motion to substitute counsel.

Specifically, the court asked defendant how Bonilla had been deficient, and defendant identified four alleged deficiencies: (1) Bonilla did not admit photographic evidence of the cars involved in the rapes, which would have shown that the cars were not defendant's; (2) Bonilla was not present when the jury returned its verdict, so Bonilla was unable to talk with jurors to determine if there was any juror misconduct; (3) Bonilla did not give defendant all the discovery in his case; and (4) Bonilla did not introduce into evidence all the composite sketches that were generated based on the victims' descriptions of their assailant.

The court then asked Bonilla to respond, and he did as follows: (1) the car evidence would have highlighted to the jury that defendant did have certain cars in his possession that matched the victims' descriptions of the cars used by their assailant; (2) Bonilla was absent when the verdict was read because of a dentist appointment, but he had his cocounsel sit in his place (who had a lot of experience with life cases) and there was nothing Bonilla saw, learned or became aware of that would have lead him to believe there was juror misconduct; (3) Bonilla let defendant look at all the discovery in jail but

5

did not let defendant keep it in jail because his case involved sex offenses and Bonilla feared inmate retaliation; and (4) as to the sketches that did not look like defendant, Bonilla pointed that out on cross-examination.

The court then found Bonilla had "more than met his constitutional and legal responsibilities," and denied the *Marsden* motion to substitute counsel to file a new trial motion alleging ineffective assistance. The record supports the trial court's implied finding that Bonilla's representation was not deficient: Bonilla gave reasonable, tactical justifications for his trial strategy and had competent cocounsel available when he was not present. The trial court was therefore within its discretion to deny defendant's motion to appoint substitute counsel to file a new trial motion.

B

*The Trial Court Acted Within Its Discretion In Denying*

*Defendant's Faretta Motion To Represent Himself*

A criminal defendant's request to represent himself (a *Faretta* motion) made after he "has chosen to proceed to trial represented by counsel" is "addressed to the sound discretion of the [trial] court." (*People v. Windham* (1977) 19 Cal.3d 121, 128.) A request is untimely when it is made on the day set for sentencing. (*People v. Miller* (2007) 153 Cal.App.4th 1015, 1024.) When confronted with an untimely *Faretta* motion, the trial court must inquire into the specific factors underlying the request for self-representation unless the record clearly reflects the basis for denial of such request. (*People v. Perez* (1992) 4 Cal.App.4th 893, 905.)

Here, the record clearly reflects the basis for denial of defendant's *Faretta* motion, and that denial was well within the court's discretion. Defendant's request to represent himself was made as a fallback to his request for appointment of substitute counsel to file a motion for new trial based on ineffective assistance. Before asking to represent himself, defendant told the trial court he would need a continuance to file a motion for new trial. When the court asked what he would put in a motion for new trial if he were to

6

write it himself, defendant said he did not know what he had in mind as the legal basis for the motion and he would have to study the transcripts. Thus, the trial court realized that granting defendant's *Faretta* request would require a continuance on top of an earlier continuance of the sentencing hearing that defendant had previously requested and had been granted. And given that defendant was unable to point to any *viable* grounds for a new trial motion during the *Marsden* hearing to appoint new counsel, the court also could have reasonably concluded that there would be no point to continuing the sentencing hearing for defendant to represent himself to file a new trial motion.

Where a defendant's request to represent himself is untimely and he has no factual basis for his new trial motion or any indication of the specific evidence he expects to find if granted a continuance to file a motion for new trial, the trial court acts within its discretion to deny defendant's *Faretta* motion for self-representation. (*People v. Doolin* (2009) 45 Cal.4th 390, 454-455.)

C

*The Trial Court Acted Within Its Discretion In Refusing*
*To Allow Defendant To File A Motion For New Trial*

Defendant contends the trial court erred in refusing to allow him to file a motion for new trial after labeling it untimely. Defendant is wrong for two reasons, which we will explain in detail below. One, defendant was represented by counsel at the time and counsel said he did not see any basis for filing such a motion. And two, there was no prejudice in failing to allow defendant to file such a motion.

As to the first reason, when a criminal defendant is represented by counsel, all motions and briefs must be filed by counsel (except matters related to representation, such as a *Marsden* motion to appoint new counsel). (*People v. Clark* (1992) 3 Cal.4th 41, 173.) Defendant was represented by counsel when he said he wanted to file his motion for new trial. Upon learning that defendant also wanted either new counsel or to

7

represent himself, the court promptly commenced a hearing to determine whether defendant's counsel should be replaced. Nothing more was required.

As to the second reason, there was no prejudice from the court's refusal to allow defendant to file a new trial motion. (See *People v. Braxton* (2004) 34 Cal.4th 798, 816 [a court's refusal to hear a new trial motion is subject to the harmless error provision of the California Constitution].) When defendant detailed his dissatisfaction with counsel, which was the basis for him wanting to file his new trial motion, the trial court fully considered those reasons and found no deficient performance, as we have explained in part IIA of the Discussion above.

III

*The Court Was Within Its Discretion To Admit Evidence About*

*Defendant's Possession Of A Black Semiautomatic Handgun*

Over defense objection, the trial court admitted what amounted to one page of testimony from defendant's long-time friend about defendant's possible gun possession. Specifically, defendant's friend testified that between 2001 and 2003 in Sacramento, he thought he saw defendant possess what appeared to be a black semiautomatic handgun, although it could have been a fake or a BB gun.

On appeal, defendant contends admission of this evidence was irrelevant and unduly prejudicial, in violation of state law and also amounted to a federal due process violation. Not so on all accounts.

The trial court did not abuse its discretion in allowing defendant's friend to testify he saw defendant with what looked like a black semiautomatic handgun in Sacramento sometime between 2001 and 2003. That timeframe was within a few years of the assault that took place on two of the victims (in July 1998) in which both of those victims described their assailant as possessing a black or partially black semiautomatic gun. It was even closer to the November 2000 assault of another victim here who testified that when her assailant approached her, he said he had a gun and would shoot her if she

8

screamed.  While the testimony from defendant's friend about defendant's possession of a black semiautomatic gun did not conclusively establish that it was the gun used during these sexual assaults, it had some tendency in reason to do so.  (Evid. Code, § 210.)

Against this backdrop, the evidence was minimally prejudicial.  The trial court prohibited defendant's friend from describing the circumstances of defendant's possession (namely, that he brandished the gun), while also allowing him to testify the gun may have been a BB gun or even a fake.

For similar reasons, admission of the gun evidence by defendant's friend did not violate defendant's federal due process right to a fair trial.  Defendant contends this evidence painted him as an " 'antisocial individual of generally bad character, an immoral person unworthy of the jury's belief or consideration.' "  Not so.  Possessing a semiautomatic handgun is not illegal, and defendant's friend did not testify that defendant possessed it for any illicit purpose.  He even testified it might have been a fake or a BB gun.  Given the friend's limited testimony and the fact the evidence was relevant because it had some tendency in reason to prove that defendant committed the assaults with the gun his friend saw him possess and was not prejudicial, admission of the evidence did not violate defendant's due process right to a fair trial.

IV

*Defendant's Punishment For Two Of His Convictions For Kidnapping To Commit Rape*

*Is Life With The Possibility Of Parole, Not Seven Years To Life In Prison*

Defendant contends the court should have given him two life terms for two of his convictions for kidnapping for the purpose of rape in counts twenty-two and twenty-seven, instead of two terms of seven years to life.  Defendant is correct.  The punishment for kidnapping is "imprisonment in the state prison for life."  (Pen. Code, § 209, subd. (b)(1).)  Defendant's sentence and the abstract of judgment on counts twenty-two and twenty-seven must be corrected to reflect this.

9

DISPOSITION

Defendant's conviction for count twenty-one is vacated along with his resulting eight-year determinate sentence.

Defendant's sentences for counts twenty-two and twenty-seven are modified to life imprisonment instead of seven years to life.

As modified, the judgment is affirmed.

Consistent with these modifications, the trial court is directed to modify the abstract of judgment and "attachment page" in the following ways: (1) delete count twenty-one from box 1 on the "attachment page" of the abstract of judgment; (2) reduce the punishment from 40 years to 32 years in box 4 on the "attachment page" of the abstract of judgment; (3) delete the "X" on box 6c of page 1 on the indeterminate abstract of judgment, which is filled in as "7 years to Life on counts 22,27"; (4) put an "X" by box 5, which states "LIFE WITH THE POSSIBILITY OF PAROLE on counts __" and fill in "22,27" on the blank line.

The trial court is also directed to forward a copy of the modified abstract of judgment and "attachment page" to the California Department of Corrections and Rehabilitation.

/s/_____
Robie, J.

We concur:


/s/_____
Hull, Acting P. J.


/s/_____
Hoch, J.