## APRIL TERM, 1852.

### JAMES A. BURDICK vs. JOHN DISHER.

A written lease held invalid as against a subsequent deed of sale of the premises by the lessor to plaintiff duly recorded, the lease not having been recorded as required by statute.

This was an action brought to recover possession of a lot in Nuuanu Valley, and damages for its wrong detention. The facts of the case were that one John McCormack leased the lot from Harry Howard in August, 1850, for the term of seven years, and erected a cake and beer shop thereon. Afterwards McCormack sub-leased the same to the defendant, Disher—neither of these leases were entered of record in the Registrar's office as required by law—and subsequently the plaintiff, Burdick, bought the lot of Harry Howard in fee, and had his deed of purchase duly recorded.

On the part of the defence it was argued that the occupation of the premises by Disher, was notice to all the world of his having some title therein, and that Burdick, having that notice, ought not to be allowed to oust the defendant on the technical ground that his deed was first recorded. To this it was answered by the plaintiff's counsel, that the statute of the land was clear and positive on this point and must prevail.

CHIEF JUSTICE LEE in his charge to the jury said: "Whether the plaintiff had notice or not of the lease to McCormack, previous to his purchase, can make no difference with his legal right to recover in this suit. If McCormack failed to get his lease recorded within the time required by law, and Burdick's deed was previously recorded, then the lease is invalid as against the subsequent deed. The statute, which is clear and positive, says: That all leases, deeds, etc., shall be recorded; and that no conveyance of real estate not recorded within thirty days after its execution, shall be valid as against a subsequent deed of the same estate previously recorded. That is just the case in hand. The lease was not recorded until this morning, while the deed was made and recorded some months since, and hence the lease is invalid as against Burdick. We see no way open by

which the defendant can escape. It is a very hard case, indeed, to say, that when the subsequent purchaser has notice of a previous unrecorded conveyance, he may get his deed recorded and dispossess the first party; but such is the plain and unequivocal language of the law, and as it is we are constrained to pronounce it. To what the law ordains we must submit, and though we might wish it otherwise, yet it is not our province to alter or amend the statutes. It is with us to administer the laws as we find them, leaving it with the legislature to correct their faults."

The jury after a short absence rendered a verdict in favor of the plaintiff, giving him possession of the premises, and awarding him damages to the amount of six and a quarter cents, one juror dissenting.

After the rendering of the verdict, the Chief Justice remarked that this case being the first which had ever arisen under our Registry Act, and consequently of much importance, the court had taken the opinion of the bar, during the absence of the jury as to the correctness of its charge, and that the bar was of the unanimous opinion, including both the counsel for the defence, that the charge was sound and the construction given to the statute the proper one.

Mr. Harris for plaintiff.

Mr. Montgomery and Mr. Bates for defendant.