109 P.3d 677

**STATE of Hawai'i, Plaintiff–Appellant**

v.

**Markham G.K. YOUNG, Defendant–Appellee.**

No. 25610.

Supreme Court of Hawai'i.

March 30, 2005.

As Corrected April 1, 2005.

Daniel Shimizu, deputy prosecuting attorney, on the briefs, for the plaintiff-appellant State of Hawai'i.

Joyce K. Matsumore–Hoshijo, deputy public defender, on the briefs, for the defendant-appellee Markham G.K. Young.

MOON, C.J., LEVINSON, and DUFFY, JJ., and ACOBA, J. dissenting, in which NAKAYAMA, J., joins.

Opinion of the Court by LEVINSON, J.

The plaintiff-appellant State of Hawai'i [hereinafter, "the prosecution"] challenges the findings of fact (FOFs) and conclusions of law (COLS) of the circuit court of the first circuit, the Honorable Sandra A. Simms presiding, and appeals from the January 17, 2003 order granting the defendant-appellee Markham G.K. Young's motion to dismiss the indictment.

On appeal, the prosecution contends: (1) that the circuit court abused its discretion when it dismissed the indictment against Young, inasmuch as the prosecution properly charged him under the statutes that were in effect on the date Young allegedly committed the offense; and (2) that, assuming *arguendo* Counts I and II of the indictment incorrectly cited HRS §§ 291–4.4 (Supp.2000) [1] and 291–4.5 (1993 & Supp.2000), [2] dismissal of the indictment was nevertheless improper, inasmuch as any error was a "formal defect that did not prejudice or mislead [Young] to his prejudice."

1. HRS § 291–4.4 provided in relevant part:
(a) A person commits the offense of habitually driving under the influence of intoxicating liquor or drugs if, during a ten-year period the person has been convicted three or more times for a driving under the influence offense; and
(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor, meaning that the person is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty;
(2) The person operates or assumes actual physical control of the operation of any vehicle with .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood or .08 or more grams of alcohol per two hundred ten liters of breath; or
(3) A person operates or assumes actual physical control of the operation of any vehicle while under the influence of any drug which impairs such person's ability to operate the vehicle in a careful and prudent manner. The term "drug" used in this section shall mean any controlled substance as defined and enumerated on schedules I through IV of chapter 329.

2. HRS § 291–4.5 provided in relevant part:
(a) No person whose driver's license has been revoked, suspended, or otherwise restricted pursuant to chapter 286 or section 291–4 or 291–7 shall operate a motor vehicle upon the highways of this State either while the person's license remains suspended or revoked or in violation of the restrictions placed on the person's license. The period of suspension or revocation shall commence upon the release of the person from the period of imprisonment imposed pursuant to this section.
(b) Any person convicted of violating this section shall be sentenced as follows:
(1) For a first offense, or any offense not precede within a five-year period by a conviction under this section:
(A) A term of imprisonment at least three consecutive days but not more than thirty days;
(B) A fine not less than $250 but not more than $1,000; and
(C) License suspension or revocation for an additional year;
(2) For an offense which occurs within five years of a prior conviction under this section:
(A) Thirty days imprisonment;
(B) A fine of $1,000; and
(C) License suspension or revocation for an additional two years; and
(3) For an offense that occurs within five years of two or more prior convictions under this section:
(A) One year imprisonment;
(B) A $2,000 fine; and
(C) Permanent revocation of the person's license.

Pursuant to this court's published decision in *State v. Domingues*, 106 Hawai'i 480, 107 P.3d 409 (2005), holding that "HRS § 291E–61, which relates to operating a vehicle under the influence of an intoxicant, substantially reenacted HRS § 291–4.4, which pertained to the offense of habitually driving under the influence of intoxicating liquor or drugs[,]" 106 Hawai'i at 482, 107 P.3d at 411, we vacate the circuit court's order with respect to Count I.

We further hold that, as to the description of the offense, HRS § 291E–62 (Supp.2004),[3] which relates to operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant, substantially reenacted HRS § 291–4.5, which pertained to driving after license suspended or revoked for driving under the influence of intoxicating liquor.

Accordingly, we vacate the circuit court's order dismissing the indictment against Young, including Counts III and IV, *see infra* note 4, and remand the present matter to the circuit court for further proceedings.

## I. *BACKGROUND*

On November 13, 2002, an O'ahu grand jury returned an indictment against Young charging him with the following offenses: (1) habitually driving under the influence of intoxicating liquor or drugs (Count I), in violation of HRS § 291–4.4, *see supra* note 1; (2) driving after license revoked for driving under the influence of intoxicating liquor (Count II), in violation of HRS § 291–4.5, *see supra* note 2; (3) non-compliance with speed limit prohibited (Count III), in violation of HRS § 291C–102 (1993); and (4) operation of a vehicle without a certificate of inspection (Count IV), in violation of HRS § 286–25 (1993). The indictment alleged that Young committed the foregoing offenses on or about December 27, 2001.

On December 17, 2002, Young filed a motion to dismiss indictment, arguing that the offenses alleged in Counts I and II were based upon violations of HRS §§ 291–4.4 and 291–4.5, statutes that had both been repealed as of the date of his indictment.

On January 7, 2003, the circuit court conducted a hearing on Young's motion to dismiss. At the conclusion of the hearing, the circuit court orally ruled that Young "was charged under a statute that has since been repealed[,] and its replacement is not a substantial reenactment of the prior statute[,] and on that basis[,] the [c]ourt will grant the motion to dismiss the indictment."

---

3. HRS § 291E–62 provides:
  (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to part III or section 291E–61, or to part VII or part XIV of chapter 286 or section 200–81, 291–4, 291–4.4, 291–4.5, or 291–7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:
   (1) In violation of any restrictions placed on the person's license; or
   (2) While the person's license or privilege to operate a vehicle remains suspended or revoked.
  (b) Any person convicted of violating this section shall be sentenced as follows:
   (1) For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section:
    (A) A term of imprisonment of not less than three consecutive days but not more than thirty days;
    (B) A fine of not less than $250 but not more than $1,000; and

    (C) Revocation of license and privilege to operate a vehicle for an additional year;
   (2) For an offense that occurs within five years of a prior conviction for an offense under this section:
    (A) Thirty days imprisonment;
    (B) A $1,000 fine; and
    (C) Revocation of license and privilege to operate a vehicle for an additional two years; and
   (3) For an offense that occurs within five years of two or more prior convictions for offenses under this section:
    (A) One year imprisonment;
    (B) A $2,000 fine; and
    (C) Permanent revocation of the person's license and privilege to operate a vehicle.
  The period of revocation shall commence upon the release of the person from the period of imprisonment imposed pursuant to this section.

On January 17, 2003, the circuit court issued the following FOFs, COLs, and order granting Young's motion to dismiss:

### FINDINGS OF FACTS

1. [Young] was indicted for the instant charges on November 13, 2002.

2. In Count I, Habitually Driving Under the Influence of Intoxicating Liquor, the indictment cites [HRS § ] 291–4.4(a)(1);

3. In Count II, Driving After License Suspended or Revoked for Driving Under the Influence of Intoxicating Liquor, [the indictment] cites [HRS § ] 291–4.5;

4. HRS sections 291–4 through 291–4.5[,] including section[ ] 291–4.4(a)(1) were repealed on January 1, 2002 and therefore were no longer in effect as of the indictment date in the instant case;

5. As of January 1, 2002, the appropriate citation would be under HRS section 291E.

### CONCLUSION[ ] OF LAW

1. Under Rule 7(f) of the Hawai'i Rules of Penal Procedure, an indictment cannot be amended and thus[,] if correct, must be dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED that [Young's] Motion to Dismiss Indictment be granted.

On January 30, 2002, the prosecution timely filed a notice of appeal.

## II. *STANDARDS OF REVIEW*

### A. *Sufficiency Of A Charge*

■ " 'Whether an indictment [or complaint] sets forth all the essential elements of [a charged] offense . . . is a question of law,' which we review under the *de novo,* or 'right/wrong,' standard." *State v. Cordeiro,* 99 Hawai'i 390, 403, 56 P.3d 692, 705 (2002) (quoting *State v. Merino,* 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996) (quoting *State v. Wells,* 78 Hawai'i 373, 379, 894 P.2d 70, 76 (1995) (citations omitted))).

### B. *Statutory Interpretation*

■ "[T]he interpretation of a statute . . . is a question of law reviewable de novo." *State v. Arceo,* 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (*quoting State v. Camara,* 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 · (1996) (citations omitted)). *See also State v. Toyomura,* 80 Hawai'i 8, 18, 904 P.2d 893, 903 (1995); *State v. Higa,* 79 Hawai'i 1, 3, 897 P.2d 928, 930 (1995); *State v. Nakata,* 76 Hawai'i 360, 365, 878 P.2d 699, 704 (1994). . . .
*Gray v. Administrative Director of the Court,* 84 Hawai'i 138, 144, 931 P.2d 580, 586 (1997) (some brackets added and some in original). *See also State v. Soto,* 84 Hawai'i 229, 236, 933 P.2d 66, 73 (1997). Furthermore, our statutory construction is guided by established rules:

When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. . . .

In construing an ambiguous statute, "[t]he meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." HRS § 1–15(1) [ (1993) ]. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

*Gray,* 84 Hawai'i at 148, 931 P.2d at 590 (*quoting State v. Toyomura,* 80 Hawai'i 8, 18–19, 904 P.2d 893, 903–04 (1995)) (brackets and ellipsis points in original) (footnote omitted). This court may also consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it . . . to discover its true meaning."

HRS § 1–15(2)(1993). "Laws *in pari materia*, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." HRS § 1–16 (1993).

*State v. Kaua*, 102 Hawai'i 1, 7–8, 72 P.3d 473, 479–480 (2003) (quoting *State v. Rauch*, 94 Hawai'i 315, 322–23, 13 P.3d 324, 331–32 (2000) (quoting *State v. Kotis*, 91 Hawai'i 319, 327, 984 P.2d 78, 86 (1999) (quoting *State v. Dudoit*, 90 Hawai'i 262, 266, 978 P.2d 700, 704 (1999) (quoting *State v. Stocker*, 90 Hawai'i 85, 90–91, 976 P.2d 399, 404–05 (1999) (quoting *Ho v. Leftwich*, 88 Hawai'i 251, 256–57, 965 P.2d 793, 798–99 (1998) (quoting *Korean Buddhist Dae Won Sa Temple v. Sullivan*, 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998)))))).

## III. DISCUSSION

■ The prosecution argues that "the legislature fully intended that … HRS § 291–4.5 remain viable for offenses committed prior to January 1, 2002, as the new statute[ ] not only encompassed the same conduct as the repealed statute[ ], but also imposed substantially the same penalties upon conviction."

HRS §§ 291–4.5 was in effect on the date that Young allegedly committed the offense; however, that statute was no longer in effect on the date of his indictment. Effective January 1, 2002, the legislature repealed HRS § 291–4.5 and simultaneously enacted HRS §§ 291E–62. *See* 2000 Haw. Sess. L. Act 189, Part III, § 33 at 432 and § 23 at 427–28.

■ In *Queen v. Ah Hum*, 9 Haw. 97, 98 (1893), the Supreme Court of the Republic of Hawai'i stated that

the repeal of a penal statute operates as a remission of all penalties for violation of it committed before its repeal, and a release from prosecution therefor after said repeal unless there be either a clause in the repealing statute, or a provision of some other statute, expressly authorizing such prosecution.

As such, "all prosecutions under the repealed [a]ct should thereafter" cease, unless the legislature has included a general savings clause or a statute provides otherwise. *Id.*

In the present matter, the prosecution concedes that "[i]t does not appear that the instant case would qualify as a pending prosecution [within the meaning of the general savings statute, HRS § 1–11 (1993),[4] inasmuch] as the indictment was filed after January 1, 2002."

Young argues that "the legislature's obvious intent to bar prosecution[ ] for … [l]icense [s]uspended or [r]evoked for [driving under the influence of intoxicating liquor, HRS § 291–4.5,] after January 1, 2002, is augmented by the omission of a savings clause pertaining to th[is] statute[ ]." Young contends that "Act 189 evidences the legislature's intent to preserve post-repeal prosecutions under HRS § 291–7 [Supp.2000],[5] [d]riving [u]nder the [i]nfluence of [d]rugs, by including a savings clause." Young is mistaken.

Act 189, 2000 Session Laws of Hawai'i, Part IV, § 41 sets forth a *timetable* delineating when Parts I through III were to take effect: (1) "Part I shall take effect upon approval and shall apply retroactively to all pending cases for driving under the influence of drugs under section 291–7, Hawaii Revised Statutes"; (2) "Part II shall take effect on September 30, 2000"; and (3) "Part III shall

4. HRS § 1–11 provides that "[n]o suit or prosecution pending at the time of the repeal of any law, for any offense committed, or for the recovery of any penalty or forfeiture incurred under the law so repealed, shall be affected by such repeal."

5. HRS § 291–7, entitled "Driving under the influence of drugs," was amended by Act 189 and was in effect as amended from June 8, 2000 through December 31, 2001. *See* 2000 Haw. Sess. L. Act 189, Part I, § 2 at 389 and Part IV, § 41 at 433. Act 189 amended HRS § 291–7,

*inter alia*, by reducing the maximum jail time that could be imposed upon drug impaired offenders from one hundred eighty days to not more than thirty days. *See* 2000 Haw. Sess. L. Act 189, Part I, § 2 at 389.

Effective January 1, 2002, Act 189 repealed HRS § 291–7 and, simultaneously, HRS § 291E–61, entitled "Operating a vehicle under the influence of an intoxicant," became effective. *See* 2000 Haw. Sess. L. Act 189, Part III, § 23 at 425 and Part IV, § 41 at 433.

take effect on January 1, 2002." 2000 Haw. Sess. L. Act 189, Part IV, § 41(1) through (3) at 433. Part I, which pertained solely to HRS § 291–7 and the amendments included therein, became effective on June 8, 2000. *See* 2000 Haw. Sess. L. Act 189, Part IV, § 41(1) at 433. The legislature stated that the purpose of Part I was

> to reduce the maximum jail time that may be imposed upon drug impaired offenders. The effect of such a reduction will be to make the application of the right to a jury trial for driving under the influence of drugs consistent with that for operating a vehicle under the influence of intoxicating liquor. *The legislature further intends that, by making these reduced penalties retroactive to pending driving under the influence of drugs cases, it be made clear that these offenders are not entitled to a jury trial, as the offense is a "petty offense" in the constitutional sense.*

2000 Haw. Sess. L. Act 189, Part I, § 1 at 389 (emphasis added). The legislature thus made HRS § 291–7 immediately and retroactively effective upon approval, and, as amended, HRS § 291–7 was in effect from June 8, 2000 until December 31, 2001. That § 41 designated that Part II take effect on September 30, 2000 and Part III take effect on January 1, 2002 does *not* demonstrate that the legislature failed to preserve "post-repeal" prosecutions under HRS § 291–4.5.

Part II of Act 189 amended the existing Chapter 249 by creating new sections, and Part III created an entirely new chapter with provisions substantially identical to old provisions. The purpose of Part III, at least in part, was also to dispense with the need for jury trials for "petty offenses":

> It is the intent of the legislature to provide, where appropriate, uniform provisions, rights, and penalties, including immediate license revocation under the administrative revocation of license provisions and the same rights with respect to jury trials, for impaired driving and boating offenders. The legislature further intends that individuals who are charged under this part with an offense for operating a vehicle, including a vessel underway, under the influence of an intoxicant

shall not be entitled to a jury trial if the maximum term of imprisonment for the offense does not exceed thirty days.

2000 Haw. Sess. L. Act 189, Part III, § 22 at 406. Furthermore, the legislature stated its reasoning for making January 1, 2002 the effective date of Part III:

> The legislature is also mindful that the statutory changes proposed in this part will require the judiciary and law enforcement agencies to develop new procedures and forms to ensure compliance. *The legislature believes that an enactment date of January 1, 2002 will provide sufficient time to accommodate these development timetables.*

2000 Haw. Sess. L. Act 189, Part III, § 22 at 407 (emphasis added). The legislature explicitly stated that it set out "development *timetables*" for the implementation of Act 189. Accordingly, the legislature did not include a savings clause for *any* part of Act 189.

The prosecution submits that "[u]nder a 'carry forward theory,' 'a repeal accompanied by enactment of a new statute [is treated] as the fundamental equivalent of an amendment to the old statute. There is no interruption of the rights and liabilities flowing from those provisions which are substantially retained in the new statute.'" (quoting *State v. Nichols*, 110 Idaho 823, 718 P.2d 1261 (Idaho Ct.App.1986) (some brackets in original and some omitted) (citation omitted)).

The prosecution cites the decision of the California Supreme Court in *In re Dapper*, 71 Cal.2d 184, 77 Cal.Rptr. 897, 454 P.2d 905, 908 (1969), for an explanation of the "legislative intent theory":

> It is established that the rule which bars prosecution under a repealed law for offenses occurring before repeal does not apply where there is an outright repeal and a substantial reenactment, *because it will be presumed that the legislative body did not intend that there should be a remission of crimes not reduced to final judgment.* When a statute, although new in form, re-enacts an older statute without substantial change, even though it repeals the older statute, the new statute is but a continuation of the old. There is no break

in the continuous operation of the old statute, and no abatement of any of the legal consequences of acts done under the old statute. *Especially does this rule apply to the consolidation, revision, or codification of statutes, because obviously, in such event the intent of the Legislature is to secure clarification, a new arrangement of clauses, and to delete superseded provisions, and not to affect the continuous operation of the law.*

(emphases added) (citations and internal quotation marks omitted).

*In re Dapper* held a defendant's convictions under certain sections of the San Diego municipal code invalid because the old sections had been repealed and *not* substantially reenacted by any provisions in the new code. In applying its ruling, the California Supreme Court examined each section of the municipal code under which the defendant had been charged. It affirmed those convictions charged under the sections of the repealed code that had been substantially reenacted and reversed the convictions charged under sections that had not been substantially reenacted. 71 Cal.2d 184, 77 Cal.Rptr. 897, 454 P.2d at 909–10.

. . . .

The legislature's intent in enacting Act 189 was to consolidate Hawaii's impaired driving statutes. The legislature explained that Act 189 "consolidates the various statutes relating to operating a vehicle while under the influence of intoxicants, and makes these provisions more uniform and consistent." Hse. Stand. Comm. Rep. No. 70–00, in 2000 House Journal, at 974. The legislature also declared that HRS chapter 291E "consolidates, into a new chapter within the HRS, all provisions relating to impaired (alcohol or drugs) driving or boating[.]" Sen. Stand. Comm. Rep. No. 3347, in 2000 Senate Journal, at 1399–1401. . . . In the original enactment of HRS chapter 291E, the act stated that "[i]f any provision of this Act, or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the Act which can be given effect without the inval-

id provision or application, and to this end the provisions of this Act are severable." 2000 Haw. Sess. L., Act 189, [§ 37] at 433.

"Substantially" means "[e]ssentially; without material qualification; in the main; in substance; materially; in a substantial manner." *Black's Law Dictionary* 1428–29 (6th ed. 1990) To "re-enact" means "[t]o enact again; to revive." *Id.* at 1280. Thus, a statute is "substantially reenacted" when the legislature revives a statute in essentially the same terms, form, or substance as the previous statute, with only minor changes that do not alter its essential substantive content. *See Natatorium Preservation Comm. v. Edelstein*, 55 Haw. 55, 61, 515 P.2d 621, 625 (1973) (explaining that the latter provisions of the statute were "substantially reenacted" and "any and all variation being only in provisions as to the form in which legislative approval or disapproval might be expressed"); *see also State Farm Mut. Auto Ins. Co. v. Murata*, 88 Hawai'i 284, 285, 965 P.2d 1284, 1285 (1998) (noting that "HRS § 294–36 was reenacted in substantially the same form" as the previous statute, HRS § 431:10C–315).

*Domingues*, 106 Hawai'i at 484, 107 P.3d at 415 (some brackets added and some in original).

In our substantial reenactment analysis, HRS §§ 291–4.4 and 4.5 are virtually indistinguishable. *See Domingues.* By their plain language, the relevant provisions of HRS § 291E–62 "re-enact" the definition of the offense contained in HRS § 291–4.5 "without substantial changes." The offense with which Young was charged in Count II, HRS § 291–4:5, is substantially reenacted in HRS § 291E–62. As such, Young may be prosecuted under HRS § 291–4.5, as there is no evidence that "the legislative body 'did not intend that there should be a remission of crimes not reduced to final judgment.'" *In re Dapper*, 71 Cal.2d 184, 77 Cal.Rptr. at 900, 454 P.2d 905 (quoting *Sekt v. Justice's Court of San Rafael*, 26 Cal.2d 297, 159 P.2d 17, 22 (1945)).

## IV. CONCLUSION

In light of the foregoing analysis, we vacate the circuit court's January 17, 2003 or-

der dismissing the indictment and remand the present matter for further proceedings.

Dissenting Opinion by ACOBA, J., with whom NAKAYAMA, J., Joins.

Plaintiff–Appellant State of Hawai'i (the prosecution) challenges the January 17, 2003 findings of fact (findings) and conclusions of law (conclusions) of the circuit court of the first circuit (the court) and appeals from the January 17, 2003 order granting the motion to dismiss indictment of Defendant–Appellee Markham G.K. Young (Defendant).[1]

For the reasons set forth below, I believe the order granting Defendant's motion to dismiss indictment should be affirmed with respect to Hawai'i Revised Statutes (HRS) § 291–4.5 (1993), the repealed statute.

### I.

On January 1, 2002, HRS §§ 291–4 through 291–4.5, including HRS §§ 291–4.4(a)(1) and (a)(2) were repealed. On that same date, HRS chapter 291 took effect. On November 13, 2002, Defendant was charged by grand jury indictment with Habitually Driving Under the Influence of Intoxicating Liquor or Drugs (Habitual DUI) in violation of HRS § 291–4.4(a)(1) (Supp.2000) (Count I); Driving After License Suspended or Revoked for Driving Under the Influence of Intoxicating Liquor (License Suspended or Revoked for DUI), HRS § 291–4.5 (Count II); Non-compliance with Speed Limit Prohibited, HRS § 291C–102 (1993) (Count III); and Operation of a Vehicle Without a Certificate of Inspection in violation of HRS § 286–25 (1993) (Count IV).

On December 17, 2002, Defendant filed a motion to dismiss indictment (motion to dismiss), asserting that the alleged offenses in Counts I and II were based upon violations of HRS §§ 291–4.4 and 291–4.5, statutes which were repealed on January 1, 2002. On January 7, 2003, a hearing on Defendant's motion to dismiss was conducted. At the hearing, the prosecution requested that

should the court be inclined to dismiss Counts I and II, the entire indictment should be dismissed "because there may be potential [HRS § 701–]109 problems." At the conclusion of the hearing, the court orally ruled that Defendant "was charged under a statute that has since been repealed and its replacement is not a substantial reenactment of the prior statute and on that basis the [c]ourt will grant the motion to dismiss."

On January 17, 2002, the court issued its findings, conclusions, and order granting Defendant's motion to dismiss. The court issued the following findings:

1. The Defendant was indicted for the instant charges on November 13, 2002;

2. In Count I, Habitually Driving Under the Influence of Intoxicating Liquor, the indictment cites [HRS § ] 291–4.4(a)(1);

3. In Count II, Driving After License Suspended or Revoked for Driving Under the Influence of Intoxicating Liquor, [the indictment] cites [HRS § ] 291–4.5;

4. HRS [§§ ] 291–4 through 291–4.5[,] including section 291–4.4(a)(1)[,] were repealed on January 1, 2002[,] and therefore were no longer in effect as of the indictment date in the instant case;

5. As of January 1, 2002, the appropriate citation would be under HRS section [sic] 291E.

Upon these findings, the court concluded that "[u]nder Rule 7(f) of the Hawaii Rules of Penal Procedure, an indictment cannot be amended and thus if incorrect, must be dismissed." Accordingly, the court granted Defendant's motion to dismiss.[2]

The prosecution filed a timely notice of appeal on January 30, 2002.

### II.

On appeal, the prosecution argues that (1) HRS §§ 291–4.4(a)(1) and 291–4.5 "were not repealed as to offenses committed prior to January 1, 2002"; (2) "Defendant allegedly

---

1. The Honorable Sandra A. Simms presided.

2. None of the parties present arguments as to Counts III and IV. Apparently the court did not

specifically rule as to these counts, but dismissed the indictment in its entirety.

committed the offenses ... on or about December 27, 2001, prior to the effective date of HRS Chapter 291E" and that the prosecution "could not have charged Defendant under HRS Chapter 291"; (3) the court erred in concluding "that Defendant should have been charged under HRS Chapter 291 rather than the statutes that were in force on the date the offenses were allegedly committed"; (4) "the indictment was not subject to dismissal as any such error was a formal defect that did not prejudice Defendant or mislead him to his prejudice" and (5) the prosecution "properly charged Defendant with the statutes in effect on the date the offenses were allegedly committed."

Defendant argues that the "trial court properly exercised its discretion when it dismissed the indictment because: (1) the [prosecution] could not prosecute [Defendant] under the repealed statutes, HRS §§ 291–4.4(a)(1) ... and 291–4.5 ... and inasmuch as (a) he could not be charged under a repealed law for offenses occurring prior to the repeal, (b) HRS §§ 291–4.4 and –4.5 were repealed by the plain meaning of Act 189, (c) HRS §§ 291E–61 and –62 are not substantial reenactments of HRS §§ 291–4.4 and –4.5, respectively, and (d) "[a]ny hypothetical ambiguity attendant to the legislature's repeal of HRS § [ ] 291–4.4 should be resolved, under the 'rule of lenity,' in [Defendant's] favor"; and (2) the trial court lacked the proper subject matter jurisdiction to try, convict and sentence [Defendant]."

### III.

In *State v. Domingues,* 106 Hawai'i 480, 482, 107 P.3d 409, 411 (2005), a majority of this court held that "HRS § 291E–61 ... substantially reenacted HRS § 291–4.4." Thus, *Domingues* is dispositive of the prosecution's argument regarding the court's dismissal of Count I. However, this appeal raises a second issue, not addressed in *Domingues,* concerning the repeal of HRS § 291–4 .5 and the enactment of HRS § 291E–62, statutes relating to the offenses of driving after having a license suspended or revoked for DUI and operating a vehicle

after having a license and privilege suspended or revoked for OUI, respectively. HRS § 291–4.5(a), § 291E–62(a). At the outset, the prosecution impliedly concedes that the legislature did not include a specific saving clause to ensure retroactive application of HRS § 291E–62 inasmuch as it limits its arguments to the substantial reenactment exception. Defendant asserts that "the legislature's obvious intent to bar prosecutions for ... License Suspended or Revoked for DUI after January 1, 2002[ ] is augmented by the omission of a saving clause pertaining to these statutes." Inasmuch as Act 189 "repealed" HRS § 291–4.5, effective January 1, 2002 without a saving clause, Defendant appears correct in this respect. 2000 Haw. Sess. L. Act 189, § 33, 41 at 432–33.

### IV.

Preliminarily, I note that in addition to repealing HRS § 291–4.5, Act 189 "amended" HRS § 291–7, entitled "Driving under the influence of drugs." [3] 2000 Haw. Sess. L. Act 189, § 2, at 389–90. Section 41 of Act 189 provided as follows:

SECTION 41. This Act shall take effect upon approval; provided that:

(1) Part I shall take effect upon approval and *shall apply retroactively to all pending cases for driving under the influence of drugs under section 291–7,* Hawaii Revised Statutes;

(2) Part II shall take effect on September 30, 2000; and

(3) Part III shall take effect on January 1, 2002.

2000 Haw. Sess. L. Act 189, § 41, at 433 (emphasis added). Amendments to HRS § 291–7 were included under Part I of Act 189 and the repeal of HRS § 291–4.5 was included under Part III. *See* 2000 Haw. Sess. L. Act 189 §§ 2, 23 at 389, 427–28. In Part IV, § 41 of Act 189, as recounted above, the legislature preserved pending post-amendment prosecutions under HRS § 291–7 by

---

**3.** Act 189, Part I stated that "[s]ection 291–7, Hawaii Revised Statutes, is *amended* to read as follows...." 2000 Haw. Sess. L. Act 189, § 2, at 389 (emphasis added).

expressly stating that the amendment to the statute "shall apply retroactively to all pending cases for driving under the influence of drugs under section 291–7." 2000 Haw. Sess. L. Act 189, § 41 at 433. The inclusion of this clause for amendments to HRS § 291–7 demonstrates that the legislature knew how to preserve pending prosecutions. Thus, the omission of a saving clause for HRS § 291–4.5, which was contained in Part III *of the same act,* indicates that the legislature did *not* preserve post-repeal prosecutions under § 291–4.5.

The majority maintains that the fact "[t]hat § 41 [of Act 189] designated that . . . Part III take effect on January 1, 2002 does *not* demonstrate that the legislature failed to preserve 'post-repeal' prosecutions under HRS § 291–4.5." Majority opinion at 41, 109 P.3d 682 (emphasis in original). It reasons that "[t]he legislature explicitly stated that it set out 'development *timetables*' for the implementation of Act 189[ ]" and, from this, the majority concludes that "the legislature did not include a savings clause for *any* part of Act 189." Majority Opinion at 41, 109 P.3d at 682 (emphases in original).

However, a saving clause is "[o]rdinarily a restriction in a repealing act, which is intended to *save* rights, *pending proceedings,* penalties, etc., from the *annihilation* which would result from an *unrestricted* repeal." *Black's Law Dictionary* 1343 (6th ed.1990) (emphases added). To reiterate, § 41 of Act 189 expressly stated that amendments to HRS § 291–7 "shall apply retroactively to all pending cases." 2000 Haw. Sess. L. Act 189, § 41 at 433. Contrary to the majority's position, this statement *was* in effect a saving clause inasmuch as it "save[d]" the amendments for retroactive application. The striking significance of the purported "timetables" in Act 189 is the omission of a similar clause to "save" the "penalties" under the repealed

HRS § 291–4.5 from "annihilation." Without such a saving clause, the "unrestricted repeal" of HRS § 291–4.5 [4] constituted a break in the law and, absent a determination that HRS § 291–4.5 was "virtually identical" to HRS § 291E–62, *see* discussion *infra,* the prosecution could not charge Defendant under the repealed HRS § 291–4.5.

The "saving clause" to HRS § 291–7 notwithstanding, as the prosecution readily admits, no saving clause was included for the repealed law at issue, HRS § 291–4.5.

## V.

The prosecution concedes that "[i]t does not appear that the instant case would qualify as a pending prosecution as the indictment was filed after January 1, 2002[,]" and, therefore, the general saving statute, HRS § 1–11 (1993),[5] does not apply to the instant matter. Thus, the prosecution is left to argue that "[HRS § ] 291E–62 substantially reenacted [HRS § ] 291–4.5" because (1) "the essential elements of [HRS § ] 291–4.5 were retained in [HRS § ] 291E–62" and (2) "the penalty provisions of both statutes are identical." The prosecution may charge Defendant under a repealed law only if the repealed statute, HRS § 291–4.5(a), and the new statute, HRS § 291E–62(a), are "virtually identical." *In re Dapper,* 71 Cal.2d 184, 77 Cal.Rptr. 897, 454 P.2d 905, 910 (1969). HRS § 291–4.5, entitled "*Driving* after license suspended or revoked for driving under the influence of *intoxicating liquor;* penalties[,]" provided,

[n]o person whose *driver's license* has been revoked, suspended, or otherwise restricted pursuant to chapter 286 or section 291–4 or 291–7 'shall operate a motor vehicle upon the highways of this State either while the person's license remains suspended or revoked or in violation of the restrictions placed on the person's license. The period of suspension or revocation

---

4. Act 189, Part III stated that "[s]ection 291–4.5, Hawaii Revised Statutes, is *repealed.*" (Emphasis added.)

5. HRS § 1–11 provides that "[n]o suit or prosecution pending at the time of the repeal of any

law, for any offense committed, or for the recovery of any penalty or forfeiture incurred under the law so repealed, shall be affected by such repeal."

shall commence upon the release of the person from the period of imprisonment imposed pursuant to this section.

HRS § 291–4.5(a) (Supp.2000) (emphases added). This statute was repealed on January 1, 2002. *See* 2000 Haw. Sess. L. Act 189, § 33 at 432. HRS § 291E–62, entitled *"Operating* a vehicle after license *and privilege* have been suspended or revoked for operating a vehicle under the influence of *an intoxicant;* penalties[,]" (emphases added) took effect on that same date. *See* 2000 Haw. Sess. L. Act 189, §§ 23, 41 at 427, 433. That statute provided,

> [n]o person whose license and privilege *to operate a vehicle* have been revoked, suspended, or otherwise restricted pursuant to part III or section *291E–61,* or to part VII or part XIV of chapter 286 or section *200–81,* 291–4, *291–4.4,* or 291–7 as those provisions were in effect on December 31, 2001, shall operate or *assume actual physical control of any vehicle:*
>
> (1) In violation of any restrictions placed on the person's license; or
>
> (2) While the person's license *or privilege to operate a vehicle* remains suspended or revoked.

HRS § 291E–62(a) (Supp.2002) (emphases added).

The repealed HRS § 291–4.5(a) prohibited "operat[ing] a vehicle upon the highways of this State" while having a license "revoked, suspended, or otherwise restricted pursuant to chapter 286 or section 291–4 or 291–7." HRS § 291E–62(a) differs from § 291–4.5(a) in at least three fundamental respects. First, it expands the class of persons that fall within the ambit of proscription to include those who had their licenses suspended or revoked under statutes not originally enumerated in HRS § 291–4.5, such as HRS §§ 291E–61,[6] 200–81,[7] and 291–4.4.[8] Second, it broadens the scope of the offense by encompassing the acts of "operat[ing] or *assum[ing] actual physical control* of any vehicle," as opposed to "operat[ing] a motor vehicle." (Emphasis added.) It is evident that the latter act, stated in the alternative by the legislature, would not necessarily encompass "operation" in the ordinary sense. Finally, it also expands the scope of the offense beyond that of the repealed statute by encompassing situations where the defendant "operate[s] or assume[s] actual physical control of any vehicle," presumably at any location, and not just "upon the highways."

Thus, HRS § 291E–62(a) does more than merely "secure clarification, a new arrangement of clauses, [or] delete superseded provisions[.]" *In re Dapper,* 77 Cal.Rptr. 897, 454 P.2d at 908. It makes substantive changes to the definition of the offense of driving while having a license suspended or revoked for DUI. Applying the *In re Dapper* standard, these two statutes are not "virtually identical," and, hence, HRS § 291–4.5(a) was not "substantially reenacted" by HRS § 291E–62(a). *Id.* at 910.

VI.

Defendant also maintains that the sentencing provisions of HRS § 291–4.5(b) and HRS § 291E–62(b) differ inasmuch as, under the new statute, "revocation is mandatory[.]" In this regard, the repealed statute, HRS § 291–4.5(b) stated,

> (b) Any person convicted of violating this section shall be sentenced as follows:
>
> (1) For a first offense, or any offense not preceded within a five-year period by a conviction under this section:

---

6. HRS § 291E–61 (Supp.2002) defines the offense of "Operating a vehicle under the influence of an intoxicant."

7. HRS § 200–81 (Supp.2000), defining the offense of "Operating a vessel under influence of intoxicating liquor[,]" was repealed January 1, 2002. *See* 2000 Haw. Sess. L. Act 189, §§ 27, 41 at 432–33.

8. HRS § 291–4.4 (Supp.2000), defining the offense of "Habitually driving under the influence of intoxicating liquor or drugs," was repealed on January 1, 2002. *See* 2000 Haw. Sess. L. Act 189, §§ 32, 41 at 432–33.

(A) A term of imprisonment at least three consecutive days but not more than thirty days;

(B) A fine not less than $250 but not more than $1,000; and

(C) License *suspension or revocation* for an additional year;

(2) For an offense which occurs within five years of a prior conviction under this section:

(A) Thirty days imprisonment;

(B) A fine of $1,000; and

(C) License *suspension or revocation* for an additional two years; and

(3) For an offense that occurs within five years of two or more prior convictions under this section:

(A) One year imprisonment;

(B) A $2,000 fine; and

(C) Permanent revocation of the person's license.

(Emphases added.) Thus, under the former law, the sentencing judge had the discretion to suspend or revoke the defendant's license. Defendant, however, correctly observes that under the new statute, HRS § 291E–62(b), revocation is mandatory and suspension is not an option. HRS § 291E–62(b) provides,

(b) Any person convicted of violating this section shall be sentenced as follows:

(1) For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section:

(A) A term of imprisonment of not less than three consecutive days but not more than thirty days;

(B) A fine of not less than $250 but not more than $1,000; and

(C) *Revocation of license and privilege* to operate a vehicle for an additional year;

(2) For an offense that occurs within five years of a prior conviction for an offense under this section:

(A) Thirty days imprisonment;

(B) A $1,000 fine; and

(C) *Revocation of license and privilege* to operate a vehicle for an additional two years; and

(3) For an offense that occurs within five years of two or more prior convictions for offenses under this section:

(A) One year imprisonment;

(B) A $2,000 fine; and

(C) Permanent revocation of the person's license and privilege to operate a vehicle.

(Emphases added.) Consequently, inasmuch as HRS § 291E–62(b) mandates a single "harsher" penalty than the dual option prescribed under the repealed HRS § 291–4.5(b), the two sentencing provisions are not "virtually identical," *In re Dapper*, 77 Cal. Rptr. 897, 454 P.2d at 910, thereby precluding application of the substantial reenactment exception.

## VII.

The majority declares that HRS §§ 291E–62 and 291–4.5 are "virtually indistinguishable" without actually *applying* the *In re Dapper* standard to the statutes. Majority Opinion at 42, 109 P.3d at 683. Its opinion misconstrues the "substantial reenactment" exception as an example of the so-called "legislative intent theory." Majority Opinion at 41, 109 P.3d at 682. The *exception*, however, restricts the court to scrutinizing the *text* of the repealed statute and the new statute. This is because "[e]ven where the Court is convinced in its own mind that the Legislature really meant and intended something not expressed by the phraseology of the Act, it has no authority to depart from the plain meaning of the language used." *State v. Meyer*, 61 Haw. 74, 77, 595 P.2d 288, 291 (1979) (quoting *Queen v. San Tana*, 9 Haw. 106, 108 (1893)); *see id.* ("We do not legislate or make laws."); *Burdick v. Disher*, 1 Haw. 67, 67 (1852) (stating that the court's "province" is to "administer the laws as [it] find[s] them, leaving it with the legislature to correct [its] faults").

The "substantial reenactment" exception, therefore, is a narrow one. By restricting

the court's inquiry to the text of the statutes, the exception allows the court, in limited circumstances, to provide for the continuous operation of a repealed law without assuming legislative powers. So long as the court restrains its analysis to the *language* of the statutes, the separation between judicial and legislative power is preserved. Pursuant to *In re Dapper*, only upon a determination that the two statutes contain "virtually identical" language may the court *"presume* [ ] that the legislative body did not intend that there should be a remission of crimes not reduced to final judgment." 71 Cal.2d 184, 77 Cal. Rptr. 897, 454 P.2d at 908 (emphasis added).

The majority misapprehends the *In re Dapper* standard, turning a blind eye to the text of HRS §§ 291–4.5 and 291E–62. Rather than address the language of the statutes, the majority improperly explores legislative history. *See* Majority Opinion at 42–43, 109 P.3d at 683–84. Such a backward application of the "substantial reenactment" exception undermines the very reason for its *limited* existence—that the court's "province" is to "administer the laws as [it] find[s] them, leaving it with the legislature to correct [its] faults." *Burdick*, 1 Haw. at 67. If, as the prosecution contends, the legislature intended to preserve post-repeal prosecutions under HRS § 291–4.5, it failed to express that intent.

## VIII.

For the foregoing reasons, I would affirm the court's order as to the dismissal of Count II.