**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000720**
**02-NOV-2021**
**10:05 AM**
**Dkt. 48 SO**

NO. CAAP-20-0000720

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
CHRISTOPHER J. HIGHEAGLE, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-20-0000318(3))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the Findings of Fact and Conclusions of Law; Order Granting Motion to Suppress Evidence, filed on October 27, 2020, in the Circuit Court of the Second Circuit (**Circuit Court**).[1] In that order, the Circuit Court suppressed Defendant-Appellee Christopher J. Higheagle's (**Higheagle**) blood alcohol concentration (**BAC**) test results from a blood draw performed pursuant to a judicial search warrant obtained after Higheagle refused to be tested as provided in Hawaii Revised Statutes (**HRS**) § 291E-15 (2020).[2]

---

[1] The Honorable Kelsey T. Kawano presided.

[2] HRS § 291E-15 provides:

> If a person under arrest refuses to submit to a breath, blood, or urine test, none shall be given, except as provided in section 291E-21. Upon the law enforcement officer's determination that the person under arrest has refused to submit to a breath, blood, or urine test, if applicable, then a law enforcement officer shall:

(continued...)

On appeal, the State challenges the Circuit Court's Conclusions of Law (**COL**) numbers 19, 28, and 29,[3] and argues that

---

[2](...continued)

       (1)     Inform the person under arrest of the sanctions under section 291E-41 or 291E-65; and

       (2)     Ask the person if the person still refuses to submit to a breath, blood, or urine test, thereby subjecting the person to the procedures and sanctions under part III or section 291E-65, as applicable;

provided that if the law enforcement officer fails to comply with paragraphs (1) and (2), the person shall not be subject to the refusal sanctions under part III or IV.

(Emphasis added.)

In 2021, the legislature amended this section to include, as an exception, "a search warrant issued by a judge upon a finding of probable cause supported by oath or affirmation, or pursuant to any other basis permissible under the Constitution of the State of [Hawaiʻi] and laws of this State." S.B. 412, 31st Leg., Reg. Sess. (2021), available at https://www.capitol.hawaii.gov/session2021/bills/SB412_CD1_.htm (accessed October 22, 2021). The legislature also specified that "[t]his Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun before its effective date." Id. The effective date was June 23, 2021. Governor's Message 1161 (2021), available at https://www.capitol.hawaii.gov/session2021/bills/GM1161_.PDF (accessed October 22, 2021).

Because these proceedings commenced prior to June 23, 2021, and "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended[,]" this amendment does not apply to Higheagle. HRS § 1-3 (2009); State v. Dudoit, 90 Hawaiʻi 262, 268 n.3, 978 P.2d 700, 706 n.3 (1999) (explaining that the "legislature cannot change the intent behind a statute through subsequent amendments that do not have retroactive effect").

[3]  COLs 19, 28, and 29 states:

       19.   The core provision to the effect that no tests shall be given if a driver refuses to submit to testing, if read as permissive, would render such provision superfluous, contrary to basic tenants of statutory construction. Obtainment of a search warrant by an officer after a driver's exercise of the right of refusal would violate HRS § 291E-15 and render such "right" an illusory nullity. Permitting an officer to offer a driver the "right" of refusal, only to repudiate such refusal with a superceding search warrant is akin to offering no meaningful choice at all, contrary to the principles set out in *Wilson* and *Won*. Such procedure carries with it the possibility of other negative effects such as giving an air of credence to feigned advisements by police, and the potential for arbitrary enforcement.

    . . . .

       28.   Based on statutory construction and caselaw, the [Hawaiʻi] implied consent law is not the exclusive means by which police may obtain chemical testing in Chapter 291E OUI

(continued...)

"[Hawaii's] Implied Consent framework does not preempt the application of traditional search and seizure principles to [operating a vehicle under the influence of intoxicants (**OVUII**)] criminal prosecutions."

Upon careful review of the record and the briefs submitted by the parties and due consideration of the arguments advanced and the issues raised, we resolve the State's point of error as follows:

The Fourth Amendment to the United States Constitution and article I, section 7 of the Hawaiʻi Constitution "guarantee the right of persons to be free from unreasonable searches," and a blood draw is a search under these principles. See State v. Hosaka, 148 Hawaiʻi 252, 258, 472 P.3d 19, 25 (2020). A search that is "[a]n invasion of bodily integrity implicates an individual's most personal and deep-rooted expectations of privacy." State v. Won, 137 Hawaiʻi 330, 338, 372 P.3d 1065, 1073 (2015) (citation and internal quotation marks omitted). On the other hand, the legislature continually grapples with the dangers of OVUII, finding that it "is a serious offense that contributed to over fifty percent of traffic fatalities in 2015 and 2016." S. Stand. Comm. Rep. No. 1963, in 2019 Senate Journal, at 1740.

Here, in deciding if Higheagle's BAC test result was properly suppressed, we must determine whether a law enforcement

---

[3](...continued)
criminal investigations. The [Hawaiʻi] implied consent law does not supercede the authority of the police to resort to a search warrant as an alternative means of obtaining criminal evidence against intoxicated drivers. Police may apply for a search warrant in lieu of the [Hawaiʻi] implied consent law which does not mandatorily apply to every arrest for OUI. However, the police after having opted to proceed under the [Hawaiʻi] implied consent law, thereby subjecting an individual to the procedures under HRS § 291E-11 may not thereafter circumvent the statutory right of refusal under HRS § 291E-11(b)(2) and HRS § 291E-15 by obtaining a search warrant in the event the individual refuses consent to the search, as was done in the instant case.

29. Suppression of the evidence is an appropriate remedy because the police violated defendant's statutory right of refusal which led directly to the obtaining of the evidence to be suppressed. HRS § 291E-11(b)(2); HRS § 291E-15; State v. Scalera, 139 [Hawaiʻi] 453, 466 (2017); State v. Wilson, 92 [Hawaiʻi] 45, 53 (1999).

officer may obtain a search warrant ordering a person to submit to alcohol concentration or drug content testing for purposes of HRS chapter 291E when that person withdraws consent for (or refuses) such testing as specifically provided for in HRS § 291E-15. We review the granting of the motion to suppress evidence "*de novo* to determine whether the ruling was 'right' or 'wrong.'" State v. Spillner, 116 Hawaiʻi 351, 357, 173 P.3d 498, 504 (2007).

"[C]onsent is a well-established exception to the requirement that a warrant be obtained before a search takes place." Hosaka, 148 Hawaiʻi at 258, 472 P.3d at 25 (citing Won, 137 Hawaiʻi at 340, 372 P.3d at 1075). In applying the consent exception to the framework for OVUII, HRS chapter 291E provides that a person driving on a public road is deemed to have consented to a breath, blood, or urine test to determine alcohol concentration or drug content:

> Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent, subject to this part, to a test or tests approved by the director of health of the person's breath, blood, or urine for the purpose of determining alcohol concentration or drug content of the person's breath, blood, or urine . . . .

HRS § 291E-11(a) (2020).

These tests are administered "at the request of a law enforcement officer having probable cause to believe the person operating a vehicle upon a public way, street, road, or highway . . . is under the influence of an intoxicant . . . ." HRS § 291E-11(b) (2020). This may occur "only after: (1) [a] lawful arrest; and (2) [t]he person has been informed by a law enforcement officer that the person may refuse to submit to testing under this chapter." HRS § 291E-11(b).

Germane to this appeal, "[i]f a person under arrest refuses to submit to a breath, blood, or urine test, none shall be given, except as provided in section 291E-21." HRS § 291E-15 (emphasis added). When a person refuses to submit to a breath, blood, or urine test, the law enforcement officer shall also inform the person under arrest of the sanctions under HRS §§ 291E-41 and 291E-65, and part III of HRS chapter 291E. HRS § 291E-15; see supra note 2. Should a person still refuse, HRS

4

chapter 291E instructs that the law enforcement officer "shall complete and issue to the person a notice of administrative revocation and shall indicate thereon whether the notice shall serve as a temporary permit."  HRS § 291E-33(c) (2020).

"Based on the statutory provisions of the implied consent law, see HRS §§ 291E-11(b), 291E-15, 291E-65(a), and the protections of the Hawaiʻi Constitution as interpreted by the decisions of this court, a person may refuse consent to submit to a BAC test, and the State must honor that refusal."  Won, 137 Hawaiʻi at 345, 372 P.3d at 1080 (emphasis added).  Thus, when a person under arrest for OVUII exercises his or her right to refuse to submit to a breath, blood, or urine test, the language of HRS § 291E-15 is plain—"none shall be given."  See State v. Young, 107 Hawaiʻi 36, 39, 109 P.3d 677, 680 (2005) (providing that "[w]hen construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself").

The plain language of HRS § 291E-15 also makes clear that the only exception to "none shall be given" is if there was a "collision resulting in injury to or the death of any person" pursuant to HRS § 291E-21 (2020).  By designating HRS § 291E-21 as the only exception to the mandate that "none shall be given," the legislature did so to the exclusion of other alternatives. Fagaragan v. State, 132 Hawaiʻi 224, 242, 320 P.3d 889, 907 (2014) (explaining that "the canon of construction expressio unius est exclusio alterius[] holds that 'to express or include one thing implies the exclusion of the other, or of the alternative'").  Notably, a search warrant was not an alternative exception.

In addition to providing a specific exception to "none shall be given," HRS chapter 291E sets forth the subsequent steps a law enforcement officer must take should there be a refusal to submit to a breath, blood, or urine test.  After a refusal, "the law enforcement officer shall complete and issue to the person a notice of administrative revocation and shall indicate thereon whether the notice shall serve as a temporary permit."  HRS

§ 291E-33(c). Thus, the legislature intentionally laid out specific steps a law enforcement officer must follow regarding OVUII testing, again, to the exclusion of alternatives. Obtaining a search warrant was not one of these steps.

Similar to HRS § 291E-15, HRS § 291E-65 provides that if a person under the age of twenty-one years who is "under arrest for operating a vehicle after consuming a measurable amount of alcohol, . . . refuses to submit to a breath or blood test, none shall be given, except as provided in section 291E-21[.]" HRS § 291E-65(a) (2020) (emphasis added); See HRS § 1-16 (2009) (providing that "[l]aws *in pari materia* or upon the same subject matter, shall be construed with reference to each other"). After a refusal to submit to testing, HRS § 291E-65 instructs that "the arresting law enforcement officer, as soon as practicable, shall submit an affidavit to a district judge of the circuit in which the arrest was made[,]" and that the district judge shall hold a hearing within twenty days of receiving the affidavit. HRS §§ 291E-65(a) and (b) (2020). Like HRS § 291E-15, the language of HRS § 291E-65 provides that if there is a refusal to submit to breath and blood testing, "none shall be given" with only one exception, and provides specific steps for a law enforcement officer to take following the refusal. This section contemplates an affidavit for a judicial hearing, but makes no mention of an affidavit for a judicial search warrant.

In sum, the legislature plainly provided for a right to refuse to submit to testing, with notice to the person arrested and specific procedures for the law enforcement officer to follow. The legislature did not, however, provide for obtaining a search warrant following an HRS § 291E-15 refusal.

To support its argument, the State relies on HRS §§ 803-31 (Supp. 2019)[4] and 803-32(5) (2014).[5] However, a

---

[4] HRS § 803-31 provides as follows:

> A search warrant is an order in writing or issued otherwise pursuant to section 803-33.5 made by a judge or other magistrate, directed to an officer of justice, commanding the officer to search for certain articles supposed to be in the possession of, or anticipated to be in the possession of, one who is charged with having obtained

(continued...)

6

"search warrant can be granted in no case but on an affidavit setting forth sufficient facts in the opinion of the magistrate to justify the issuing of the warrant."  HRS § 803-33 (2014).  If an affidavit seeks BAC testing for the purposes of HRS chapter 291E, but sets forth facts that a person refused testing under HRS § 291E-15, a magistrate cannot justify issuing a warrant for testing because under those facts HRS §§ 291E-15 and 65 mandate that "none shall be given."  And permitting a law enforcement officer to apply for a search warrant following an HRS § 291E-15 refusal renders "none shall be given" a nullity and the notice procedures an empty exercise.  We cannot interpret statutes as such because "repeal by implication is disfavored."  State v. Delima, 78 Hawaiʻi 343, 347, 893 P.2d 194, 198 (1995) (citation and internal quotation marks omitted).

The State also relies on the Circuit Court's interpretation of HRS § 291E-17 (2020) for the proposition that it "implicitly approves use of a search warrant to obtain a blood sample[.]"  HRS § 291E-17 provides that Part II, entitled Testing and Implied Consent, "shall not limit the introduction of any other competent evidence bearing on the question of whether the person was under the influence of an intoxicant or was operating a vehicle while under the age of twenty-one and after consuming a measurable amount of alcohol."  (Emphasis added.)  This section speaks to the admission, not acquisition, of evidence.  For example, even if a person refuses testing, HRS § 291E-17 nonetheless permits the introduction of evidence such as the testimony of a law enforcement officer as to his or her relevant

---

[4](...continued)
them illegally, or who keeps them illegally, or with the intent of using them as the means of committing a certain offense.

[5] HRS § 803-32(5) provides as follows:

The power of granting this writ is one in the exercise of which much is necessarily left to the discretion of the magistrate, but, except in cases where this power is elsewhere specially granted by statute, search warrants can be granted only for the following purposes: . . . (5) To discover articles necessary to be produced as evidence or otherwise on the trial of any one accused of a criminal offense.

observations.  No language in HRS § 291E-17, however, authorizes a law enforcement officer to acquire a person's breath, blood, or urine following a refusal.

Based on the foregoing, we hold that the Circuit Court did not err in suppressing, for the purposes of HRS chapter 291E, Higheagle's BAC test results from a blood draw performed pursuant to a judicial search warrant obtained after Higheagle refused to be tested under HRS § 291E-15.  This holding is consistent with the Hawaiʻi Supreme Court's determination that "a person may refuse consent to submit to a BAC test, and the State must honor that refusal."  Won, 137 Hawaiʻi at 345, 372 P.3d at 1080; See Won, 137 Hawaiʻi at 367-368, 372 P.3d at 1102-1103 (Nakayama, J., dissenting) (explaining that "[a]lthough the state may undoubtedly compel an arrestee against his or her will to submit to a blood draw if it obtains a warrant, Hawaii's implied consent regime removes that possibility by requiring officers to honor refusal").

Therefore, IT IS HEREBY ORDERED that the Circuit Court's Findings of Fact and Conclusions of Law; Order Granting Motion to Suppress Evidence, filed on October 27, 2020 is affirmed.

DATED:  Honolulu, Hawaiʻi, November 2, 2021.

On the briefs:

Brandon M. Segal,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Benjamin E. Lowenthal,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge